**Perry Lance CURTIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61248.**

Court of Criminal Appeals of Texas.

Oct. 27, 1982.

J. Michael Cunningham, Robert L. Evans, Jr., Midland, for appellant.

Vern F. Martin, Dist. Atty., Charles W. Seltzer and Richard D. Davis, Asst. Dist. Attys., Midland, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

CLINTON, Judge.

In this appeal from a conviction for aggravated rape on a verdict of the jury that assessed his punishment at confinement for ninetynine years, appellant presents six grounds of error.

He complains in chronological order that the trial court denied an oral motion for continuance; that the statutes denouncing rape discriminate on the basis of sex; that his written confession was not admissible; that his oral incriminatory statements should not have been admitted; that evidence of rape and aggravation is insufficient; and that the trial court should have granted a new trial on account of improper jury argument by the prosecutor. Since we will find that no complaint has merit, the Court must affirm the judgment.

The victim, working alone at a convenience store, was approached by appellant at about four o'clock of a morning, ostensibly to pay for gasoline he had just pumped into his automobile. Instead, he produced a pistol and said, "I would like something else." With that he ordered her out to his car, and, fearful of her life because appellant kept the weapon pointed at her, the complainant did exactly what he told her to do for the next hour or so. Suffice to say, that included compelled sexual intercourse and deviate sexual intercourse on a desolate dirt road in the countryside, a walk in the nude down the road, as appellant directed, while he fired at least two shots by her; after appellant drove away, she retrieved her clothes and made her way to a well lighted plant where she encountered a security guard and called the police.

Fortuitously, on the occasion in question a regular customer had stopped by, as was his wont, and bought cigarettes from complainant; he knew appellant and was familiar with his car. The customer noticed the

car at the gas pumps, and as he drove his own vehicle away from the store he saw appellant first crouching between his car and the gas pumps and then standing up in full view. The customer later responded to an article in a local newspaper reporting that police were seeking a potential witness who had been in the store about the time appellant abducted complainant.

Upon an affidavit full of detail a warrant for arrest of appellant was obtained; promptly, he was found, warned and taken to the station house and jailed. Later in the morning he was warned by a magistrate, and signed a form indicating, *inter alia,* waiver of rights and "I want to discuss this matter with the investigating officers." Soon he orally admitted elements of the rape, led officers to the premises where he resided and near the base of a pole uncovered the pistol exhibited throughout the kidnapping and raping of complainant. A written confession followed. In it appellant gives his much more comprehensive version of the facts we have outlined above. In earthy terms he describes the forced sexual intercourse and deviate sexual intercourse, and their aftermath.

■ Despite all this appellant now contends the evidence of aggravation is insufficient because trial testimony did not connect the gun introduced in evidence to the criminal episode.[1] When offered, however, appellant did not object on that ground, probably because the officer who recovered it related how appellant had provided directions to it and had himself dug it up from about four inches under soil. In any event, the weapon admitted in evidence over another objection generally fits the description of it given by complainant in her testimony. Furthermore, that a small silver revolver was produced and exhibited by appellant was sufficiently proved by testimony of complainant.

1. Appellant's contention is premised on our ruling out his written confession and oral statements, but we will decline to do that when we address those grounds of error *post.*

2. The motion was made just after hearing on motion to suppress during which nine witnesses for the State had been examined and cross-

Appellant further contends that evidence of rape is not sufficient in that "there was no medical testimony whatsoever corroborating the complaining witness' testimony" of sexual intercourse and penetration. Because the jury was informed that she was examined by a doctor, appellant asserts that "it was incumbent on the State to produce the results of any medical tests" in that regard.

As to both contentions, appellant acknowledges in his brief that the authorities are against him: e.g., *White v. State,* 478 S.W.2d 506, 508 (Tex.Cr.App.1972), with respect to exhibiting a weapon; *Garcia v. State,* 563 S.W.2d 925, 928 (Tex.Cr.App. 1978), regarding penetration during intercourse. Nothing about the facts of the case at bar suggest that this Court should require corroboration of such particulars related by a complainant who made prompt outcry, when the applicable statute does not. Article 38.07, V.A.C.C.P. Ground of error five is overruled.

■ The oral motion for continuance in order to interview unidentified witnesses[2] made by counsel for appellant did not comport with the requisites of Chapter Twenty-nine, V.A.C.C.P., especially Articles 29.03 and 29.08, *id. O'Neal v. State,* 623 S.W.2d 660 (Tex.Cr.App.1981). The first ground of error is overruled.

■ As to the constitutionality of V.T. C.A. Penal Code, §§ 21.01, 21.02 and 21.03, appellant's suggestion that the Court reexamine *Finley v. State,* 527 S.W.2d 553 (Tex. Cr.App.1975) in light of *Meloon v. Helgemoe,* 564 F.2d 602 (CA1 1977) has already been accomplished in *Ex parte Groves,* 571 S.W.2d 888, 892–893 (Tex.Cr.App.1978). We must decline the invitation to reprise the exercise since the Court just recently rejected a similar effort with respect to a related statute. See *Kruger v. State,* 623 S.W.2d 386, 387 (Tex.Cr.App.1981). Accordingly, ground of error two is overruled.

examined. When appellant moved for an opportunity to interview "these witnesses," presumably he meant one or more of the nine who had just testified. We note the prosecutor did not oppose the motion, but neither did he consent to it.

Aside from the totality of circumstances providing the context for the oral statements made by appellant to officers and his written confession taken by them, he points to an incident as he was being escorted from his residence and an inquiry at the station house as indicative of appellant's assertion of his right to counsel, and from those events argues that interrogation was impermissible.[3] While appellant and his escort were leaving his mobile home a person, not otherwise identified, stopped them and asked appellant if he had a lawyer, and appellant replied that he did not and that he did not want one, that he thought his brother was getting one for him. The inquiry was about how he would be provided a court appointed attorney, and came during the course of a conversation with an officer who ultimately took the written confession, but before the latter actually read the warning. However, the officer testified that appellant said he "wanted to go ahead and give ... the statement." We find neither the incident nor the inquiry was tantamount to invocation of right to have counsel present during custodial interrogation. Compare *Edwards v. Arizona*, 451 U.S. 477, 480, n. 6, 101 S.Ct. 1880, 1882 n. 6, 68 L.Ed.2d 378 (1981).

Considering all the circumstances, soon after the hearing on motion to suppress the trial judge dictated into the record his findings and conclusions. In essence he found that appellant was properly warned of his rights by the magistrate and then again by the officer who took his confession, that appellant waived his right to be represented by counsel during questioning and the making of his statement and other rights about which he had been warned and that he made his confession knowingly, intelligently and voluntarily; accordingly, the judge concluded the statement was legally made and was admissible into evidence. Appellant

did not testify on this issue; there is no claim of physical or mental abuse, coercion, deprivation or any other impermissible influence. We have examined the record carefully; the findings of the trial court are supported by the evidence and its conclusions are a proper application of law to the findings and, since they are, we may not overturn the decision to admit appellant's confession into evidence. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Cr.App.1981); *Sinegal v. State,* 582 S.W.2d 135 (Tex.Cr.App. 1979).

The oral statements were admissible by the authority of the long settled rule of criminal law expressly codified in Article 38.22, § 3(c), V.A.C.C.P., since they "conduce[d] to establish the guilt of the accused, such as the finding of ... the instrument with which the offense was committed"— even though the pistol unearthed by him may not have been positively identified. *Young v. State,* 547 S.W.2d 23, 26 (Tex.Cr. App.1977); *Dow v. State,* 491 S.W.2d 917, 919 (Tex.Cr.App.1973). The fourth and fifth grounds of error are overruled.

To be proper, jury arguments must still come within one or another class that the Court categorized in *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). But when a comment, remark, assertion or line of argument is deemed improper the time to redress and cure it is when it is made, and the means is the contemporaneous objection that invoke pallative responses from the trial judge. Appellant voiced no objection at all and, though he filed a motion for new trial assailing certain comments and assertions, the motion does not complain of much that is alluded to in his brief. We are constrained to hold that nothing is presented for review. *Hawkins v. State,* 628 S.W.2d 71, 73 (Tex.Cr.App. 1982); *Plunkett,* 580 S.W.2d 815, 823[4] (Tex.

---

3. In his brief appellant also says that after he received initial warnings from officers and the magistrate, "police officers attempted to interrogate [appellant] further but he chose to assert his right to remain silent and was returned to jail." There is no record reference in support of that factual statement, and we have not

found any such testimony to that effect. Nor during oral submission was *Faulder v. State,* 611 S.W.2d 630 (Tex.Cr.App.1979, 1980) or any like authority cited to us.

4. As with most rules such as this, there is an exception: Failure to object timely does not waive an error created by an argument of the

Cr.App.1979). Ground of error six is overruled.

There being no reversible error, the judgment of conviction is affirmed.

prosecutor which is "so prejudicial that no instruction could cure the harm," *id.*, at 823. Sometimes coming with that exception is jury argument stating community demands for a particular result. *Bothwell v. State,* 500 S.W.2d 128, 130 (Tex.Cr.App.1973).

In final argument during the punishment phase in the case at bar, the prosecutor rejected the notion of probation for appellant; asked the jury to "send a message to the people of the community" that "we are not going to tolerate this stuff . . . and if we catch you we are going to send you away for the rest of your life" because that is how long the victim "is going to be scarred, nothing less;" made the jury "part of law enforcement in the community right now;" and urged it "to protect society from people like him." Then, climatically, the assistant district attorney concluded:

"The maximum, Ladies and Gentlemen, the State demands the maximum. <u>Your community demands the maximum</u>. Your conscience demands the maximum. You are the only people who can do it, and when you return with your verdict you can feel good about it. You can feel good about that you have done something for law enforcement in Midland County . . . That is what we want, the maximum. Anything less and you might as well slap his hands. Thank you, Your Honor." [Emphasis added]

Except for the underscored sentence of five words, the instant argument is reminiscent of the final argument on punishment made of the prosecutor in *Duffy v. State,* 567 S.W.2d 197, 205–206 (Tex.Cr.App.1978). Though there was objection to injecting "improper references to community demands and expectations," the Court found no error in overruling the objection in that the argument was "a proper plea for law enforcement," *id.*, at 206. Looking to the facts of the case at bar, we resolve the question of whether reversal is called for "on the probable effect it has on the minds of jurors," *Mayberry v. State,* 532 S.W.2d 80, 85 (Tex.Cr.App.1976) (Opinion on Rehearing), concluding that the single sentence of five words, though improper, did not affect the punishment assessed by the jury.