**Samuel Roosevelt HUFF, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–286–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 13, 1984.

Charles A. Hood, Port Lavaca, for appellant.

Mark Kelly, Asst. Criminal Dist. Atty., Port Lavaca, for appellee.

Before UTTER, YOUNG and KENNEDY, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of the offense of unlawfully carrying a weapon on the premises of Calhoun County High School under § 46.02 of the Texas Penal Code. Following a jury trial, appellant was sentenced by the jury to a probated six months' confinement in the Calhoun County Jail. Appellant does not challenge the sufficiency of the evidence to support the conviction.

In his first, second, third and seventh grounds of error, appellant complains of an allegedly defective information and charge. The information, in pertinent part, alleged that appellant did:

> ... intentionally and knowingly *carry on and about his person a firearm to wit: handgun,* while intentionally and knowingly on the premises of a school, to wit: Calhoun County High School, not pursuant to written regulations and written authorizations of said school. (Emphasis added.)

The court's charge followed the allegations in the information.

Before trial, appellant filed a motion to quash the information, alleging that the information was defective for the following reason:

> The Information is fundamentally defective because, while attempting to

charge the violation of Penal Code, § 46.04(a), it uses the phrase "carries on about his person a handgun...," which is an allegation of violation of § 46.02(a), rather than § 46.04(a), which requires the word "goes."

At the time of the offense, Section 46.02 of the Texas Penal Code provided:

(a) A person commits an offense if he intentionally, knowingly, or recklessly *carries on or about his person a handgun,* illegal knife, or club.

(b) Except as provided in Subsection (c), an offense under this section is a Class A Misdemeanor.

(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages. (Emphasis added.)

Section 46.04 of the Texas Penal Code provided:

(a) A person commits an offense if, with a firearm, he intentionally, knowingly, or recklessly *goes:*

(1) *on the premises of a school* or an educational institution, whether public or private, *unless pursuant to written regulations or written authorizations of the institution;* or

(2) on the premises of a polling place on the date of an election.

(b) It is a defense to prosecution under this section that the actor was in the actual discharge of his official duties as a peace officer or member of the armed forces or national guard.

(c) An offense under this section is a Class A Misdemeanor.[1] (Emphasis added.)

█ After considering the language of the above penal statutes, the information and the trial court's charge, we find that appellant was charged and convicted of the offense of unlawfully carrying a weapon

under § 46.02. The information charged appellant with culpable *possession* of a handgun on school premises and not with culpable *entry* with a handgun onto school premises. As stated in *Uribe v. State,* 573 S.W.2d 819 (Tex.Crim.App.1978), the Texas Court of Criminal Appeals wrote:

In Section 46.04, supra, the carrying of a firearm is not per se prohibited, but the act of carrying that firearm in specific locations is. The Legislature clearly required that *the entry* be made with a culpable mental state, rather than *the act of possessing* the firearm be done with a culpable mental state. (Emphasis added.)

*Uribe v. State,* 573 S.W.2d at pp. 821–822.

The information was not defective as it used proper wording to charge the offense of unlawfully carrying a weapon under § 46.02 and that the language, "while intentionally and knowingly on the premises of a school, to wit: Calhoun County High School, and not pursuant to written regulations and written authorization of said school," which is language derived from § 46.04(a)(1), is surplusage language which, as alleged, required the State to more specifically prove its case against appellant other than what would have otherwise been required.

█ Consequently, the court's charge to the jury, which utilized the language of the information, was not reversibly defective for failing to charge an essential element of the offense charged. Appellant's first and seventh grounds of error are overruled.

█ In addition, the information is not defective on the ground that it was duplicitous by attempting to charge two offenses in the same count or paragraph, as asserted by appellant in his second ground of error. See TEX.CODE CRIM.PROC.ANN. art. 21.24 (Vernon Supp.1984); *Odle v. State,* 139 S.W.2d 595 (Tex.Crim.App.1940); *Compare Edison v. State,* 356 S.W.2d 692

---

**1.** Subsequent to the trial of this case, § 46.04 was significantly amended by Acts 1983, 68th Leg., p. 2962, ch. 508, § 1, eff. Aug. 29, 1983. All references to Penal Code provisions herein

are made to Penal Code provisions as they existed at the time of the offense, arrest, information and trial and prior to the amendment.

(Tex.Crim.App.1962) and, *Goodnough v. State*, 627 S.W.2d 841 (Tex.App.—San Antonio 1982, pet. ref'd). Even if the information was duplicitous, duplicity is not "fundamental error," and, therefore, the information is voidable, not void. *Villalva v. State*, 151 S.W.2d 222 (Tex.Crim.App.1941). Since appellant did not assert in his motion to quash that the information was duplicitous, appellant has waived said error, if any. Appellant's second ground of error is overruled.

In his third ground of error, appellant argues that the handgun was not sufficiently described, as allegedly required under TEX.CODE CRIM.PROC.ANN. art. 21.09 (Vernon Supp.1984), in that the information gave him insufficient notice of which handgun the State would attempt to prove.

TEX.CODE CRIM.PROC.ANN. art. 21.-09 (Vernon Supp.1984) provides:

> If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice. If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be sufficient description of the same.

■ Even though the handgun, which was alleged in the information, was not specifically described in accordance with Art. 21.09 of the Texas Code of Criminal Procedure, the use of the word "handgun" in the information was sufficiently specific to have informed appellant as to the nature of the weapon used in committing the alleged offense, and no necessity existed for further describing the handgun. *See Smith v. State*, 410 S.W.2d 642 (Tex.Crim.App.1966); *Wilson v. State*, 155 Tex.Cr.R. 323, 234 S.W.2d 882 (1950); *Kuykendall v. State*, 154 Tex.Cr.R. 384, 227 S.W.2d 825 (1950). *Compare Smith v. State*, 131 Tex.Cr.R. 322, 98 S.W.2d 806 (1936). Furthermore, in accordance with the general rule set forth in *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App.1980), the language in the information "tracks the words" of § 46.02 of the Texas Penal Code; and, therefore, the indictment is not defective for not further identifying the handgun. *King v. State*, 643 S.W.2d 176 (Tex.App.—Eastland 1982, no pet.). We overrule appellant's third ground of error.

In his first point of his fourth ground of error, appellant argues that he was not properly advised of his right to have appointed counsel present *during* his interrogation; that is, the warnings given appellant did not specifically include the word "during," as set forth in TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon Supp.1984). Appellant's statement was not included in the record; therefore, we must glean the pertinent contents of the statement from the testimony given in the motion to suppress hearing.

On cross-examination during the motion to suppress appellant's statement, Assistant Police Chief Pena testified:

> HOOD (Appellant's counsel): Alright, what, would you read number three to the jury please.
>
> PENA: That I have the right to talk to a lawyer before any questioning and have him present while I am being questioned, which I hereby waive, and if I cannot afford to hire a lawyer, one will be appointed to represent me before any questioning if I wish one, which I also hereby waive.

■ The warnings printed and initialed by appellant on the top of his statement were not erroneous because they failed to expressly include the warning which advised appellant of his right to counsel *during* interrogation. The words "and have him present while I am being questioned" clearly advised appellant of his rights in full compliance with TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon Supp.1984). "A warning which conveys, on 'the face of the statement' in only slightly different language, the exact meaning of the statute is sufficient to comply with the statute." *Eddlemon v. State*, 591 S.W.2d 847 (Tex.

Crim.App.1979). Appellant's first point in his fourth ground of error is overruled.

In his second point of his fourth ground of error, appellant asserts that the trial court erred in denying his motion to suppress his confession because he had not intelligently, understandingly and knowingly waived his right to counsel. The appellant's statement was taken by Assistant Chief of Police Pena. Pena gave the following testimony:

HOOD (Appellant's counsel): O.K. and how would you characterize Sammy back on May 28, 1982.

PENA: Didn't know his rights

HOOD: He did know?

PENA: Did not know

HOOD: He did not know his rights, and how long did you take explaining Sammy's rights to him.

PENA: I wouldn't have any idea, he questioned two of them

HOOD: O.K., what was that

PENA: It was the one about the free attorney

HOOD: O.K., what do you mean he questioned it.

PENA: He wanted to know how he could get a free attorney and I explained to him that if he didn't have any money the Court would appoint an attorney to represent him, free of charge

HOOD: He wanted to know how he got one?

PENA: Yes sir, wanted to know what it meant

HOOD: Well maybe I misunderstood just a minute didn't you say a minute ago he wanted to know how he got a free attorney?

PENA: How he could get one and what it meant, he didn't know what it meant at first and then he wanted to know how he could get it, and I explained to him that particular question.

HOOD: Alright, and this was on May 28, 1982, right?

PENA: Yes sir

HOOD: Uh, before this statement

PENA: Yes sir

HOOD: And what was the other thing that he questioned?

PENA: I'll have to look at the statement.

HOOD: O.K.

HOOD: This is my copy, Chief.

PENA: It was the one of him being present.

HOOD: Who, him who?

PENA: The Attorney

HOOD: The attorney being present for what?

PENA: With him

HOOD: During what?

PENA: During questioning.

HOOD: Do you recall what he asked you about that?

PENA: No sir, I think he just wanted to know, if he did get an Attorney, could he be present

Pena further testified that he had heard that appellant was a "slow learner" and that he knew appellant was a 19-year old student in the special education program in the eleventh grade at the high school.

In *Ochoa v. State*, 573 S.W.2d 796 (Tex. Crim.App.1978), the Texas Court of Criminal Appeals wrote:

Thus, this Court must conclude that if *appellant in any manner indicated his desire to have a lawyer, the continued interrogation was a violation of his Miranda rights and the confession obtained therefrom is inadmissible.* We hold that appellant's statements to Adams concerning an attorney were sufficient to invoke his right to counsel. Although he did not make a "formal request" or absolute demand for a lawyer, he did in some manner indicate to Adams that he wanted to exercise his right to counsel. This was sufficient to require a cessation of interrogation.

*Ochoa v. State*, 573 S.W.2d at pp. 800–801.

 Appellant's continued questions regarding how he could obtain an attorney were sufficient to require a cessation of the interrogation to invoke his rights under *Miranda* to have counsel present before continued interrogation. The evidence

presented at the motion to suppress hearing does not show that appellant himself initiated further communication, exchanges or conversations with Assistant Police Chief Pena; therefore, the State did not meet its heavy burden of showing that a voluntary, knowing and intelligent waiver of the right to counsel was made. *Ochoa v. State*, 573 S.W.2d 796 (Tex.Crim.App. 1978).

Additionally, in response to appellant's questions regarding how he could obtain an attorney, Assistant Police Chief Pena, as a peace officer acting under *Miranda*, should have clarified appellant's position regarding his desire to have an attorney present in order to honor the appellant's constitutional rights. *See Goodnough v. State*, 627 S.W.2d 841 (Tex.App. —San Antonio 1982, pet. ref'd). Consequently, we hold that appellant's confession was inadmissible. Appellant's fourth ground of error is sustained.

In his fifth ground of error, appellant asserts that the trial court erred in overruling his motion to dismiss on the basis of the State's alleged violation of the Speedy Trial Act.

Unlawfully carrying a weapon under § 46.02(a) of the Texas Penal Code is a Class A Misdemeanor. The criminal action against appellant commenced when he was arrested on May 28, 1982, the date of the alleged offense. TEX.CODE CRIM.PROC. ANN. art. 32A.02(a) (Vernon Supp.1984); *McLean v. State*, 638 S.W.2d 124 (Tex.App. —Fort Worth 1982, pet. ref'd). Appellant was released on bond from his arrest, and, on June 8, 1982, the State announced that it was ready for trial. Subsequently, the initial information in Cause No. 7898 was quashed on motion of the defendant on February 28, 1983, and a new information charging appellant with the same offense was filed in Cause No. 8223 on the same day.

Appellant basically argues (1) that the State could not be ready to try appellant for the offense charged on June 8, 1982, when the State had announced ready, because of the existence of an outstanding defective information and (2) that the earliest date upon which the State could have been ready to try appellant for the offense charged was February 28, 1983, the date of the second information upon which appellant was convicted, more than ninety (90) days after the commencement of the action against appellant. Appellant further argues that the earlier announcement of ready by the State would not carry forward where, as in this case, a change in the allegation of the primary offense takes place on the filing of a new charging instrument.

In *Ward v. State*, 659 S.W.2d 643 (Tex.Crim.App.1983), the Court of Criminal Appeals, in dealing with similar contentions in a similar fact situation, wrote:

The Speedy Trial Act does not require that the State be ready with a perfect indictment or information. Although it may be true that the defect in the first affidavit would have required a mistrial or reversal of a conviction, the presence of such a problem does not necessarily indicate that the State was not ready for trial. The Speedy Trial Act itself in fact anticipates situations in which a mistrial might be granted or a conviction reversed.

\* \* \* \* \* \*

In the instant case the error in the first information was corrected on the same day that the error was discovered. The appellant has not shown that the State's announcement of ready was not made in good faith or that the State was otherwise unprepared for trial. The appellant has not sufficiently rebutted the State's claim of preparedness for trial. See *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979).

*Ward v. State*, 659 S.W.2d at p. 647.

We find that appellant has not shown that the State's announcement of ready on June 8, 1982, was not made in good faith or that the State was otherwise unprepared for trial. Consequently, in accordance with *Ward*, we hold that appellant has not sufficiently rebutted the State's claim for pre-

paredness for trial. *Ward v. State,* 659 S.W.2d 643 (Tex.Crim.App.1983); *Loftin v. State,* 624 S.W.2d 351 (Tex.App.—Dallas 1981, pet. ref'd); *see Barfield v. State,* 586 S.W.2d 538 (Tex.Crim.App.1979). Appellant's fifth ground of error is overruled.

In his sixth ground of error, appellant asserts that the trial court erred in refusing to allow appellant to present evidence to the jury regarding appellant's test results which allegedly reflected his diminished capacity to make a knowing, intelligent and voluntary waiver of his rights. Appellant's witness, Ralph Cormier, testified that he was a Special Services Counselor for the Calhoun County Independent School District who had worked with and observed appellant personally. Appellant's attorney attempted to introduce into evidence through Cormier certain tests and evaluations of appellant's abilities. Cormier testified that said tests and evaluations were done by his department and were relied upon by him in the normal course of his employment when making decisions as to who would participate in the Special Services Program and that such information was used by others in his professional position "all over Texas." He also testified that the latest tests and evaluations were conducted on January 29, 1981, and February 2, 1981. Cormier discussed the meanings and functions of the various test results. After having read and explained two entries from the record before the jury without objection, the State's attorney took Cormier on voir dire, which established (1) Cormier did not personally perform the tests and (2) the tests and evaluations were conducted by the employees of the Special Services Department. At the conclusion of his voir dire of Cormier, the State's attorney objected on hearsay grounds to Cormier's reading of the records. The trial court sustained the objection.

■ Appellant failed to establish that Cormier conducted the tests and evaluations or that Cormier was the entrant or custodian of the records. Furthermore, appellant failed to elicit testimony regarding the time that the entries were made and proximity to the testing. Therefore, we hold that the requirements for admission of a "business record" under TEX.REV.CIV. STAT.ANN. art. 3737e § 1 (Vernon Supp. 1984) were not fulfilled and that the trial court did not err in sustaining the State's objection on hearsay grounds. Appellant's sixth ground of error is overruled.

The judgment of the trial court is reversed and remanded for a new trial.