Richard Eugene COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–84–697–CR.

Court of Appeals of Texas,
Houston (14 Dist.).

Nov. 27, 1985.

Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Terry G. Wilson, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Richard Eugene Collins appeals from a jury conviction of aggravated robbery and presents three grounds of error: (1) trial court error in failing to suppress appellant's confession which was the product of an unlawful arrest; (2) trial court error in admitting appellant's confession obtained by police-instigated interrogation after appellant indicated his desire for counsel; and (3) impermissible jury argument. We sustain appellant's second ground of error and reverse·and remand.

In his second ground of error, appellant argues that the trial court erred in refusing to suppress his confession which was obtained *after* he expressed a desire for counsel. Appellant was arrested and interrogated in Garland, Texas. Detective Kroschel testified at trial that *after* appellant was given his *Miranda* warning *but prior* to making a statement, appellant inquired *whether* or *when* an attorney would be appointed. Appellant was not provided with counsel, nor did the interrogation cease. Instead, appellant was told by Detective Kroschel that he would have counsel when he went to court. Detective Muir testified that he remembered appellant asking if he could get a lawyer when he came to Houston and that he told appellant he would be appointed counsel when he got to court.

The State contends that the case of *Curtis v. State,* 640 S.W.2d 615 (Tex.Crim.App. 1982) controls the disposition of appellant's ground of error. In *Curtis,* the defendant was in the process of being escorted by the police to the station house when an unidentified person asked him if he had a lawyer. The defendant responded that his brother was arranging for counsel to represent him. Later, *before* the defendant was read the *Miranda* warning and during a conversation with the officer who ultimately took his written confession, the defendant asked "how he would be appointed a court appointed attorney." Considering all the evidence the court held defendant's subsequent confession admissible "finding neither the incident nor the inquiry was tantamount to invocation of [the] right to have counsel present during custodial interrogation." *Id.* at 618.

In this case, appellant's inquiry regarding the appointment of counsel came *after* he had been given his rights. The question was directed at the officer, not a third person. *Compare Kelly v. State,* 621 S.W.2d 176, 180 (Tex.Crim.App.1981); *Casias v. State,* 678 S.W.2d 140, 141–42 (Tex. App.—Waco 1984, no pet.). We think these factual distinctions take this cause out of the purview of *Curtis* and find that the case of *Ochoa v. State,* 573 S.W.2d 796 (Tex.Crim.App.—1978) controls appellant's second ground of error.

In *Ochoa,* the defendant was read his rights three times: (1) at the time of the arrest; (2) later by the magistrate; and (3) at the beginning of interrogation. The interrogating officer testified that on the last occasion, defendant made some mention as to possibly wanting an attorney but did not press the issue or make a formal request. The court ruled the confession inadmissible holding that once a defendant indicates in *any manner* that he wants an attorney, interrogation must cease. *Id.* at 800–01.

The case of *Huff v. State,* 678 S.W.2d 236 (Tex.App.—Corpus Christi 1984, no pet.) applies *Ochoa* to a factual situation similar to that presented today. In *Huff,* after the defendant was read his rights, he

asked how he could get a free attorney and whether one could be present. The court held the defendant's confession inadmissible noting that the peace officer acting under *Miranda* should have clarified for the defendant the right to counsel. *Id.* at 242. *See also Goodnough v. State*, 627 S.W.2d 841, 844 (Tex.App.—San Antonio 1982, pet. ref'd).

The holdings of *Ochoa* and *Curtis* are not in conflict. When an accused asks about his right to counsel *prior* to receiving his *Miranda* warnings, and does not repeat his query following the warning, it is logical to assume that the warnings answered his questions. However, when the question as to counsel is raised *after* the accused is informed of his rights, it is equally logical to assume that the accused did not fully understand his rights. Accordingly, appellant's question as to 'whether' or 'when' an attorney could be appointed to represent him, asked *after* he was given his rights, was sufficient to invoke his right to counsel. We sustain appellant's second ground of error that the trial court erred in overruling the motion to suppress his confession.

Accordingly, we reverse and remand.