Affirmed and Memorandum Opinion filed March 2, 2004













Affirmed and
Memorandum Opinion filed March 2, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-03-00419-CR &

      14-03-00420-CR

_______________

 

LEROY EUGENE
JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

____________________________________________________

 

On Appeal from
the 339th District Court

Harris County, Texas

Trial Court
Cause Nos. 918,836 and 918,837

____________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Leroy Eugene Johnson,
appeals his convictions for possession with intent to deliver cocaine, and
delivery of cocaine.  He contends the
evidence is insufficient to support his convictions, and the trial court erred
in denying his request for a mistrial in response to the State’s improper jury
argument.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.




 








Background

            Houston Police Officers Sinai and
Hicks were conducting an undercover investigation of drug trafficking.  Around dusk, they approached Michael Newton,
who was walking down a residential street, and asked him if he knew where they
could buy cocaine.  Newton directed the officers to park in front
of a nearby residence where two or three men, including appellant, were
standing in the driveway.  Newton spoke to appellant
who then appeared to go inside the house.[1]  After a few minutes, appellant returned to
the driveway and handed something to Newton.  Newton
then walked back to the officers with the object in his hand and handed two rocks
of crack cocaine to Officer Sinai.

            Officer Hicks used his radio to
instruct additional officers to arrest appellant and Newton. 
An officer arrested appellant and advised him of his Miranda
rights.  In response to the officer’s
questions, appellant said he lived in the residence which had been used for
part of the drug transaction.  He
described where his bedroom was located in the house and signed a search
consent form.  Appellant produced a key
to the front door.  Once inside,
appellant again specified the location of his bedroom.  A narcotics detection dog alerted the
officers to a jacket and a shoe box in appellant’s closet.  The officers found 10.6 grams of cocaine in the
jacket and a small amount of marijuana in the shoe box.  In the bedroom, the officers also found a
birth certificate, a GED certificate, and a statement of earnings, all
containing appellant’s name.  A jury
convicted appellant of delivery of cocaine and possession with intent to
deliver cocaine.




Sufficiency of the Evidence

            Appellant challenges the sufficiency
of the evidence supporting his convictions. 
In a legal sufficiency challenge, we review the evidence in the light
most favorable to the verdict to determine if any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt.  King v.
State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).  We consider all
evidence presented at trial; however, we do not re-weigh the evidence or
substitute our judgment for that of the fact finder.  Id.  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

            In reviewing factual sufficiency of
the evidence, we view all the evidence in a neutral light, both for and against
the finding, and set aside the verdict only if “proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.”  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  In evaluating the factual sufficiency of the
evidence, we may not intrude on the jury’s role as the sole judge of the weight
and credibility of witness testimony.  Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). Although we may disagree with the verdict, our review
must be appropriately deferential to avoid our substituting our judgment for
that of the fact finder.  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996). 

Delivery
of a Controlled Substance

            In his first issue, appellant
contends the evidence is legally and factually insufficient to support his
conviction for delivery of a controlled substance.  In the indictment, the State alleged
appellant delivered cocaine by (1) actual transfer; (2) constructive transfer;
and (3) offering to sell.  See Tex.
Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2004).  On appeal, the State argues the evidence
supports a conviction for delivery by constructive transfer.  Accordingly, we will review the sufficiency
of the evidence based on this manner of delivery. 

            A
constructive delivery is the transfer of a controlled substance either
belonging to the defendant or under his direct or indirect control, by some
other person or manner at the defendant’s instance or direction.  Daniels
v. State, 754 S.W.2d 214, 220 (Tex. Crim. App. 1988).  Prior to a constructive delivery, the
defendant must have either direct or indirect control of the transferred
substance.  Id. at 221–22.  Appellant claims the evidence is legally and
factually insufficient to prove he had control of the cocaine that Newton gave to Officer
Sinai.  

            First, appellant claims the evidence
is legally insufficient because the officers did not actually observe cocaine
in his hand.  However, the officers
testified that after they asked Newton if he knew where they could buy cocaine,
he instructed them to park near the driveway where appellant was standing;
Newton spoke to appellant; appellant appeared to go inside the house; appellant
returned to the driveway and made a hand-to-hand exchange with Newton which the
officers recognized as a transaction common among drug dealers; Newton did not
put his hands in his pockets after the hand-to-hand exchange; and Newton then
handed the cocaine to Officer Sinai.  We
find this evidence is legally sufficient for a rational jury to have found that
appellant had direct control of the cocaine, and overrule appellant’s first
issue.

            In his second issue, appellant
claims the evidence is factually insufficient to support his conviction because
the finding that he had control of the cocaine is greatly outweighed by the
following evidence.  One of the officers
testified that it was possible Newton
could have had the cocaine in his hand before he approached the house.  The transaction also took place at dusk.  Additionally, one of the other men in the
driveway testified that Newton
did not talk to appellant, but to another man in the driveway, and that appellant
did not go inside the house that night. 
However, deferring to the jury’s determination of credibility of witness
testimony, we conclude that the verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  We overrule appellant’s second issue.  

Possession
of a Controlled Substance

            In his third issue, appellant claims
the evidence is factually insufficient to support his conviction for possession
of a controlled substance.  To sustain a
conviction for possession of a controlled substance, the State must prove the
defendant exercised actual care, custody, or control of the substance and must
have been conscious of his connection with the substance and known what it
was.  Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  Evidence that affirmatively links a defendant
to the substance may be direct or circumstantial.  Id.  The officer who arrested appellant testified
that appellant admitted that he lived at the house where the drug transaction
had occurred.  He also testified that
appellant produced keys to the house, acknowledged the location of his bedroom,
and gave consent to search. 
Additionally, the officer saw appellant’s name on personal documents
located in the bedroom and found cocaine in the bedroom closet.  The State’s evidence also showed that
appellant went in the house after talking to Newton, and came back outside with
cocaine.  In contrast, the owner of the
house and his wife testified that appellant had never lived or stayed at their
home.  They claimed that their grandson
stayed in the bedroom where the drugs were found, and the clothes in the closet
belonged to him. 

            Appellant
concedes the State’s evidence is legally sufficient, but he contends the
State’s proof linking him to the cocaine was greatly outweighed by the evidence
that he had never stayed at the house. 
However, as previously noted, the jury is the sole judge of the weight
and credibility to be given witness testimony, and our factual sufficiency
review may not intrude on this role.  Santellan, 939 S.W.2d at 164.  Considering all the evidence, the proof
linking appellant to the cocaine was not greatly outweighed by the testimony
that he did not live in the house.  We overrule
appellant’s third issue.




Jury Argument

            In appellant’s final issue, he
contends the trial court erred in denying his motion for mistrial during the
State’s closing argument.  Appellant’s
counsel stated during his closing argument, “When [appellant] was arrested no
drugs, no paraphernalia, no money.  Big
time drug dealer.  No money.  They searched the house.  No money. 
Where is Michael Newton?  Ask the
State that question.”  Subsequently, the
following exchange occurred:

State: Let’s talk about witnesses.  You had witnesses who work for the Houston
Police Department. . . . And you heard no reason for them to lie.  They have jobs that depend on them doing
their job and coming to testify.  And if they lied, what do you think would
happen?  They would be fired.  You didn’t hear that they have any kind of bias
against this person.  Never seen him
before.  Never dealt with him
before.  Just happened to be one of the
people that got involved while they were going around looking for street level
narcotics transactions.

The defense has said where is Michael Newton.  Well, first of all, if Michael Newton were here you know what he would say?  He would go along with the other people that
lied for the defendant.

Defense: Your Honor, I’m going to
object.  That’s arguing outside the
record. Court: Sustained.  Stay in the record.

            Defense:
Ask to have an instruction that the jury disregard.

Court: The Jury will disregard the last remarks.

Defense: Move for mistrial.

Court: Overruled

State: [Appellant’s counsel] said
why didn’t the State bring you Michael Newton. [Appellant’s counsel] subpoenaed
Michael Newton.  He could have brought
him just as–

Defense: That’s arguing outside the
record.

Court: Sustained.

State: I ask the court to take
judicial notice that the defense has subpoenaed Michael Newton.

Court: Stay within the record.

State: Even if he came here and took the stand, you know he would take the
Fifth because–

Defense: Again, objection.  He’s arguing outside the record.

Court: Sustained.

Defense: Ask for an instruction.

Court: Stay within the record.  The jury will disregard.

Defense: Move for mistrial.

Court: Overruled.           

(emphasis
added).

            Appellant claims the State’s
comments that Newton
would have lied like the other defense witnesses, and that he would have taken
the Fifth constituted unsworn testimony, outside the record.  The permissible areas of jury argument are
(1) summation of the evidence; (2) reasonable deductions from the evidence; (3)
answer to the argument of opposing counsel; and (4) plea for law enforcement.  Guidry
v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).  The State contends the comments were not
improper because they were in response to defense counsel’s comment to “ask the
State” where Michael Newton was. 
However, under the invited argument rule, prosecutorial argument outside
the record is permissible only in response to defense argument which goes
outside the record.  Tucker v. State, 15 S.W.3d 229, 237 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d)
(citing Wilson v. State, 938 S.W.2d
57, 60 (Tex. Crim. App. 1996)).  Here,
defense counsel’s statements were not outside the record, so the State’s
response was improper.  See id.

            We will reverse if, after reviewing
the record as a whole, we conclude that the argument was extreme and manifestly
improper, violated a mandatory statute, or injected new facts, harmful to the
accused.  See Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).   However, an instruction to disregard will
generally cure any jury argument error.  Id.  An instruction is insufficient to cure the harm
only if the argument is offensive or flagrant. 
Id. at 116. After reviewing the record as
a whole, we do not find that the State’s comments were so flagrant that the
instruction to disregard was ineffective. 
See id. 

            Appellant also claims the State’s
comments that the Houston Police Department employees would be fired if they
lied injected unsworn testimony that was outside the record into the case.  However, we find that appellant has waived
this complaint for failing to timely object to the comments.  A timely objection is required to preserve
error for appellate review.  Tex. R. App. P. 33.1(a)(1).  A defendant must object to improper jury
argument at the earliest possible moment. 
Penry v. State, 903 S.W.2d
715, 764 (Tex. Crim. App. 1995); see Curtis
v. State, 640 S.W.2d 615, 618 (Tex. Crim. App. 1982) (holding a defendant
should object to improper jury argument at the time the argument is made
through a contemporaneous objection).  In
this case, appellant raised an objection after the State had concluded talking
about its witnesses and had moved on to discussing Michael Newton.  Although this appears to be an objection to
the State’s comments about Michael Newton, assuming it was an objection to the
State’s comments on its own witnesses, we find appellant waived this issue for
failing to object to the statement when it was made.  See
Parks v. State, 858 S.W.2d 623, 631 (Tex. App.—Fort Worth 1993, pet.
ref’d).  However, even if appellant’s
objection was sufficient to preserve error, as appellant contends, the
instruction to the jury to disregard was effective to cure any harm.  See
Wesbrook, 29 S.W.3d at 116.  We
overrule appellant’s final issue.

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed March 2, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  Officers could not see the front door to determine if appellant
actually went inside, but he walked to the patio area in front of the door and
“disappeared.”