Armando Savie ALEJANDRO,

Appellant

v.

The STATE of Texas,

Appellee

From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 97-CR-4500

Honorable Sharon MacRae, Judge Presiding

Opinion by: Karen Angelini, Justice 

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and Filed: October 6, 1999 

AFFIRMED

Nature of the case

 A jury found Armando Savie Alejandro guilty of the offense of murder and assessed

punishment at thirty years confinement. In his sole issue on appeal, Alejandro contends that the
court abused its discretion when it failed to grant his motion for mistrial due to improper jury
argument during the punishment phase. We affirm.

Motion for mistrial

 Alejandro contends that the court erred in denying his motion for mistrial based on improper

jury argument. We review a denial of a mistrial under an abuse of discretion standard. Kipp v. State,
876 S.W.2d 330, 339 (Tex. Crim. App. 1994). Alejandro complains about the following State's
argument concerning probation:

 [STATE]: Probation for murder, as the Judge and I explained during
Jury selection, probation is for the man, the old man that pulls the
plug on his dying wife dying of cancer.


 [DEFENSE COUNSEL]: Judge, I'm strongly going to object to that.
That is clearly a misstatement of law, that probation is only for
somebody that pulls the plug on someone.


 [COURT]: I'm sorry, I was reading this note. If that's what the
prosecutor said, sustained.


 [DEFENSE COUNSEL]: Ask for an instruction to disregard.


 [COURT]: Please disregard that last remark of the prosecutor.


 [DEFENSE COUNSEL]: I move for a mistrial.


 [COURT]: Denied


 [STATE]: Save probation for people like the woman that kills the
man that raped her child and got away with it. Save probation for
that.


Although the court sustained Alejandro's objection, the record reveals that the State did not argue
that probation was only for someone that pulled the plug on his dying wife. Rather, the State urged
the jury to save probation for those types of cases.

 Permissible jury argument must fall into the following categories: (1) summation of the
evidence; (2) reasonable deduction from the evidence; (3) answer to the argument of opposing
counsel; and (4) a plea for law enforcement. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App.
1990). Any argument made outside of these areas will not constitute reversal unless the argument
is manifestly improper, violates a mandatory statute, or injects new and harmful facts into the trial
proceedings. Id.

 During voir dire, the Judge discussed the wide range of punishment with the jury and gave
examples of murders which might deserve the maximum sentence and murders which might warrant
probation. The State discussed the judge's examples with the jury to determine if the juror was able
to consider probation in a murder case. During closing argument in the punishment phase, defense
counsel argued that Alejandro should receive probation because he had completed probation
successfully for a DWI offense, had served his country through his military duty, and had no other
violent conduct in his life. In response, the State argued that Alejandro was not a good candidate
for probation and gave examples of murders, such as the husband who pulls the plug on his dying
wife, for which the defendant might deserve probation. Having reviewed the evidence, we find that
the State's argument merely summarized the evidence and responded to defense counsel's argument
that Alejandro was a good candidate for probation. See Hernandez v. State, 931 S.W.2d 49, 51 (Tex.
App.-Fort Worth 1996, no pet.) (finding State's recommendation on probation merely summation
of the evidence). Because the State's jury argument fell into permissible areas of jury argument, the
court did not err in denying Alejandro's motion for mistrial.


 Karen Angelini, Justice

DO NOT PUBLISH