

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-06-00230-CR

_____

JAMES RENE HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 21254

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In a single, three-day trial, James Rene Hayes was convicted of three charges of possession of a controlled substance (cocaine), four or more grams, less than 200 grams.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). He has filed a consolidated appeal attacking all three convictions. Each case involved a separate date, and some of Hayes' appellate issues are case specific. We affirm each conviction and sentence.[2]

The instant cause number concerns an allegation that, on or about November 15, 2004, Hayes possessed approximately fifteen to twenty rocks of crack cocaine. Hayes contests that conviction on the following grounds: (1) the conviction was secured in part by the State's use of perjured testimony; (2) the evidence was insufficient to sustain the conviction; (3) the State's law enforcement witnesses gave expert testimony without adequate evidence of the opinions' reliability; (4) the aggregate effect of erroneous rulings and actions by the trial court deprived Hayes of due process; and (5) his counsel was constitutionally ineffective. We find no merit to these allegations and affirm the trial court's judgment.

---

[1]All three indictments allege possession with intent to deliver; the State abandoned the delivery allegations.

[2]Please see our opinions in cause numbers 06-06-00229-CR and 06-06-00231-CR, both styled *Hayes v. State*, issued on even date with this opinion.

## I. Facts

On November 15, 2004, law enforcement officers executed a search warrant at 221 8th N.E., Paris, Texas. When they arrived, the officers saw Hayes leaning against an older-model, red, primed pickup truck, and he appeared to be talking on a cell phone. Hayes ignored officers' instructions to get on the ground and had to be placed there by the officers. A napkin wrapped around several rocks of crack cocaine was found tucked inside a tear in the truck's seat. On the toolbox in the back of the truck, officers found mail addressed to Hayes at the house listed in the warrant. A key to the truck's ignition was found in Hayes' pocket.

## II. Allegation of Perjured Testimony

In Hayes' first point of error specific to this conviction, he attacks the credibility of State's witness Terry Brunson, who testified as a confidential informant about the arrest made on November 15, 2004. Brunson said he had seen Hayes driving the pickup truck the day the warrant was executed. He also said he had seen Hayes driving the truck during the week before the warrant was executed. Brunson said that, during this period, he had been working various maintenance jobs. But later in his testimony, he said he had quit doing such work "four years ago, three years ago." Brunson gave this testimony on August 31, 2006. Hayes claims that Brunson perjured himself and that such perjury contributed to his conviction. Thus, reasons Hayes, this conviction must be set aside.

3

The trial of this case took place August 31–September 2, 2006, and the arrest of Hayes for this charge occurred in November 2004. If it had been three or four years since Brunson ceased the maintenance work, as he estimated, a conflict appeared in his testimony. However, this does not necessarily translate into perjury. *Brown v. State*, 477 S.W.2d 617, 623 (Tex. Crim. App. 1972) (conflicting testimony alone does not indicate perjury). Hayes had the burden to show that the testimony was perjured. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983); *Salazar v. State*, 716 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1986, pet. ref'd). Perjury requires, in part, that one make a false statement under oath, with "intent to deceive and with knowledge of the statement's meaning." TEX. PENAL CODE ANN. § 37.02(a)(1) (Vernon 2003). Hayes has not attempted to demonstrate any evidence that would show this alleged conflicting testimony of Brunson was made with an intent to deceive rather than being a mere misjudgment of the amount of time (almost two years rather than three or four) that he had been unemployed. In fact, he was not even questioned further on this issue. The jury is the judge of the credibility of the witnesses, and Hayes did bring this alleged inconsistency to the jury's attention in his jury summation.

Hayes has not attempted to demonstrate that the State solicited false evidence or knowingly failed to correct it. *See Napue v. Illinois*, 360 U.S. 264, 269–70 (1959).

We overrule this point of error.

4

### III. Sufficiency of Evidence

In his next point of error specific to this offense, Hayes says that the evidence is insufficient to support his conviction for the November 2004 offense.[3] As summarized above, law enforcement officers were executing a search warrant, seeking narcotics, among other things, at a Paris residence. When they arrived, the officers found Hayes next to a pickup truck, talking on a cell phone. Crack cocaine was found within the cab of the truck. A key to the truck was found in Hayes' pocket.

A conviction for possession of cocaine, a penalty group 1 controlled substance,[4] is supported only when the defendant "knowingly or intentionally possesses" the cocaine. *See* TEX. HEALTH &

---

[3]Hayes only alleges the evidence is insufficient without designating whether he is referring to legal or factual sufficiency, or both. We will use the usual standards of review. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is so weak or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). The difference between the standards for legal and factual sufficiency is that legal sufficiency requires the reviewing court to defer to the jury's credibility and weight determinations while factual sufficiency permits the reviewing court to substitute its judgment for the jury's on these questions "albeit to a very limited degree." *Marshall*, 210 S.W.3d at 625.

[4]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp. 2007).

SAFETY CODE ANN. § 481.115(a) (Vernon 2003). Proof of possession requires evidence that the accused exercised "actual care, custody, control, or management" over the substance. TEX. PENAL CODE ANN. § 1.07(a)(39) (Vernon Supp. 2007); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2007). Thus, the State must prove the accused (1) exercised "actual care, custody, control or management over the [contraband]" and (2) knew that the matter "possessed" was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).

When an accused is not in exclusive possession of the place where contraband is found, it cannot be concluded he or she had knowledge or control over the contraband unless there are additional independent facts and circumstances that link the accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005). The number of links present is not as important as the degree to which they tend to link the defendant to the controlled substance. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.); *Williams v. State*, 906 S.W.2d 58, 65 (Tex. App.—Tyler 1995, pet. ref'd); *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd). There is no set formula of facts that dictate a finding of links sufficient to support an inference of knowing possession of contraband. *Porter v. State*, 873 S.W.2d 729, 732 (Tex. App.—Dallas 1994, pet. ref'd). These "links" may be either direct or circumstantial and must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous.

Among the "links" to the contraband we consider are whether: (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the premises or the place where the contraband was found; (3) the accused was found with a large amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual odor of the contraband was present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was in view, or found on the accused; (9) the physical condition of the accused indicated recent consumption of the contraband in question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements connecting himself or herself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *Washington v. State*, 215 S.W.3d 551, 554 (Tex. App.—Texarkana 2007, no pet.). "It is the logical force the factors have in establishing the elements of the offense, not the number of them, that is important." *Id.*

The relevant facts that tend to link Hayes to the drugs found in the truck are:

(1) The evidence had established probable cause for the issuance of a search warrant for the home and the vehicles at a location where Hayes was standing by a truck. The search was for drugs and related materials.

7

(2) Hayes was standing "almost touching" the vehicle when the police arrived to execute a search warrant for the premises.

(3) The contraband was found in the vehicle and in close proximity to Hayes.

(4) A witness had seen Hayes drive that vehicle on the day of the search and at previous times.

(5) A key to the vehicle was found on Hayes' person.

(6) A large sum of money was found on Hayes' person.

(7) Hayes was located in a suspicious place (a location where probable cause existed for a search for drugs). As recently as a day before, a person had been seen leaving these premises with twenty-eight grams of cocaine.

(8) Mail addressed to Hayes at the location of the house to be searched was found on the vehicle Hayes was standing near.

(9) Department of Public Safety Trooper Bryan Perry testified that, from the window near where Hayes had been standing, Perry could see a paper napkin tucked into a tear in the truck's seat.[5] The paper contained the drugs.

We find the evidence is both legally and factually sufficient to support the jury's verdict.

## IV.	Purported Expert Testimony

Hayes complains that, throughout the trial, the State was able to offer testimony from law enforcement officers that amounted to expert testimony and that this testimony did not meet the reliability requirements for expert testimony. *See* TEX. R. EVID. 702; *see generally Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997). Hayes attacks several witnesses' testimony, covering all three alleged offenses. We address, in this opinion, only testimony pertaining to the alleged possession of cocaine on November 15, 2004.

Hayes complains that Officer Shane Stone, of the Paris Police Department, offered testimony which amounted to an opinion that Hayes was a drug dealer: Stone said that, when he searched

---

[5]Perry testified as follows:

I looked in the -- I looked inside the driver's side window and the seat was kind of torn and I saw like a napkin stuck under the -- it would be the outer skin of the [seat]. I opened the door and pulled it out and opened it up and that's when I find another napkin or paper towel inside that contained what I recognized as crack cocaine. . . . [looking at an exhibit / picture ] . . . These are the paper towels that the crack was contained inside the Ford pickup that was underneath the skin of the seat, the cover of the seat.

9

Hayes, Hayes had about $1,238.00 in cash. The State asked if Stone felt this fact significant; Hayes objected that the answer would call for speculation. The objection was overruled, and Stone answered, "A lot of times drug dealers dealing crack have 5s, 10s and 20s because that's how they purchase crack from them in the 5s, 10s and 20s. If you're buying a 20 dollar rock cocaine, you're going to have a lot of 5s, 10s and 20s and 1s, small bills." Hayes' trial objection does not comport with his appellate complaint. He has not preserved this matter for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

Hayes also complains the "State . . . offered testimony suggesting that drug dealers leased Cadillac Escalades from out of town." Trooper Perry answered the State's questions about executing search warrants and conducting seizure proceedings incident to drug arrests and explained the inconsistency of driving a Cadillac automobile when one had no job. Hayes offered no objection to this testimony, and accordingly has failed to preserve this matter for appellate review. We overrule this point of error.

## V.     Multifarious Point of Error

In a single point of error, Hayes says that the aggregate effect of the trial court's rulings and conduct of the trial deprived Hayes of his due-process rights. Hayes raises eight complaints: some re-argue his complaints about testifying officers' opinions; one complains of the court reporter not transcribing bench conferences; and some complain of the trial court's rulings or statements. A point of error that embraces more than one specific ground of error is multifarious, and we may decline

10

to review it. *See Bell v. Tex. Dep't of Crim. Justice--Institutional Div.*, 962 S.W.2d 156, 157–58 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Additionally, Hayes offers little to no analysis or authority to support his claims of due-process violation. *See* TEX. R. APP. P. 38.1(h); *Ex parte Granger*, 850 S.W.2d 513, 515 n.6 (Tex. Crim. App. 1993). Finding this point of error multifarious and inadequately briefed, we overrule it.

## VI. Ineffective Assistance of Counsel

Hayes' final point of error complains that his counsel (who represented Hayes both at trial and on appeal) was constitutionally ineffective for failing to request a hearing on the various officers' qualifications to offer expert testimony. We overrule this point of error.

Ineffective assistance of counsel claims are evaluated under the two-part test formulated by the United States Supreme Court in *Strickland v. Washington*, requiring a showing of both deficient performance and prejudice. 466 U.S. 668, 689 (1984). A *Strickland* claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. *See Goodspeed*, 187 S.W.3d at 392; *Freeman v. State*, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003); *Fuller v. State*, 224 S.W.3d 823, 828–29 (Tex. App.—Texarkana

11

2007, no pet.). This is true with regard to the question of deficient performance—in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight—where counsel's reasons for failing to do something do not appear in the record. *Thompson*, 9 S.W.3d at 813. The Texas Court of Criminal Appeals has said that "trial counsel should ordinarily be afforded an opportunity to explain his actions" before a court finds that he or she rendered ineffective assistance. *See Goodspeed*, 187 S.W.3d at 392 n.14 (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd).

Hayes' claim of ineffective assistance of counsel is predicated on his claim that law enforcement witnesses improperly gave expert opinions during their testimony.

As it pertains to this case, Hayes complains that such expert testimony was offered by the following:

(1) Testimony by Stone that he found $1,238.00 on Hayes in denominations of 5s, 10s, and 20s, mainly. When asked the significance of that, Stone responded, "A lot of times drug dealers dealing crack have 5s, 10s and 20s because that's how they purchase crack from them in the 5s, 10s and 20s. If you're buying a 20 dollar rock cocaine, you're going to have a lot of 5s, 10s and 20s and 1s, small bills."

Q.    Is it kind of like a business, you have to have change?

A.    Yes, ma'am.

12

(2) Perry was explaining how property is sometimes seized as contraband when it appears the defendant has no employment to be able to afford property. He was then asked:

> Q.  If someone is getting a disability check and driving a [sic] Escalade, they don't go together.
>
> A.  No, sir.
>
> Q.  If a person is renting a [sic] Escalade say from the State of Louisiana, do those things go together?
>
> A.  No, sir.
>
> Q.  Why?
>
> A.  On a disability check you couldn't afford to rent a [sic] Escalade. I have a job, and I couldn't rent a [sic] Escalade.

Hayes claims these lines of testimony amounted to expert opinion testimony from the officers, and his trial counsel was obligated to request a hearing, outside the jury's presence, on the admissibility of these opinions. *See* TEX. R. EVID. 705.

The Texas Court of Criminal Appeals has provided the courts some guidelines to follow in making a decision such as this. In *Osbourn v. State*, 92 S.W.3d 531 (Tex. Crim. App. 2002), the court discussed the admissibility of a police officer's identification of marihuana by its smell. Ultimately, the court held that such testimony was not of an expert nature and was admissible as a lay opinion authorized by TEX. R. EVID. 701. In explaining this, the court stated: "When a witness who is capable of being qualified as an expert testifies regarding events which he or she personally perceived, the evidence may be admissible as both Rule 701 opinion testimony and Rule 702 expert

13

testimony." *Osbourn*, 92 S.W.3d at 536. The court found that, even though police officers have training and experience, they are not precluded from offering testimony regarding events which they have personally observed. *Id.* As a general rule, observations which do not require significant expertise to interpret and which are not based on a scientific theory can be admitted as lay opinions if the requirements of Rule 701 are met. *Id.* at 537. The court found that it did not take an expert to identify the smell of marihuana smoke and that a witness who is familiar with the odor of marihuana smoke through past experiences can identify the substance. *Id.*

Section (a) of Rule 701, addressing lay opinions, has been said to have two elements. *Harnett v. State*, 38 S.W.3d 650, 657–59 (Tex. App.—Austin 2000, pet. ref'd). The first element involves the personal knowledge of the witness as required by Rule 602. *See* TEX. R. EVID. 602. The necessary personal knowledge may be gained by perception of fact by the senses of the witness. *Harnett*, 38 S.W.3d at 658. The second element mandates that the opinion must be one a reasonable person could draw from the underlying facts. *Id*. The requirements of Section (b) of Rule 701 are clear. Under Rule 701, much must be left to the discretion of the trial court. *Id.* at 658; *Austin v. State*, 794 S.W.2d 408, 410 (Tex. App.—Austin 1990, pet. ref'd). If the witness perceived events and formed an opinion that a reasonable person could draw from the facts, then the first part of the rule is met. If the opinion is also helpful to the trier of fact to understand the witness' testimony or aids in the determination of a fact in issue, then the opinion is admissible under Rule 701. It is possible, and certainly within the trial court's discretion, that this testimony qualified as lay opinion.

Regarding the arrest incident to the search warrant, in November 2004, Trooper Perry testified Hayes was found to have $1,238.00 on his person and some of it was in small denomination bills ($5s, $10s, and $20s), which is used in buying small amounts of controlled substances. He also testified to the incongruity of an individual receiving disability benefits having the financial means to rent an Escalade motor vehicle. If this is opinion testimony, it certainly does not require significant expertise to interpret these facts and it does not involve a scientific theory. Even if these events are not normally encountered by most people in everyday life, it does not require expert testimony to observe that drugs are dealt most commonly in small $20.00 increments and that one involved in that endeavor would be required to be able to "make change."

Further stating that one who has no visible means of support is normally unable to afford to drive a Cadillac Escalade is nothing more than the exercise of common sense. If these statements from these two witnesses were opinions, they were perceptions based on their personal knowledge combined with the application of their experiences from their life, not from scientific theories. No expert testimony was involved, and counsel was not acting deficiently by failing to request a hearing to determine the expert qualifications and reliability of the testimony of these two witnesses.

Other cases have allowed the introduction of evidence of lay opinion testimony on numerous matters. *See, e.g.*, *Williams v. State*, 191 S.W.3d 242, 253–54 (Tex. App.—Austin 2006, no pet.) (police officer designated as a "mental health officer" after attending a forty-hour course was permitted to testify that suspect did not exhibit signs characteristic of someone having a mental

15

health issue); *Cortez v. State*, No. 2-05-147-CR, 2006 Tex. App. LEXIS 4998 (Tex. App.—Fort Worth June 8, 2006, pet. ref'd) (mem. op., not designated for publication) (officer testified from his training and experience that, many times when police find surveillance cameras and scales around a house, drugs are present); *Livingston v. State*, Nos. 01-04-00955-CR, 01-04-00956-CR, 01-04-00957-CR, 01-04-00958-CR, 2006 Tex. App. LEXIS 2234, at *3 (Tex. App.—Houston [1st Dist.] Mar. 23, 2006, pets. dism'd [4 pets.], pets. ref'd [4 pets.]) (mem. op., not designated for publication) (witness permitted to testify boat smelled "like cigarettes, stale beer, and like sweaty sex"); *In re J.A.M.*, No. 03-02-00610-CV, 2003 Tex. App. LEXIS 8662 (Tex. App.—Austin Oct. 9, 2003, no pet.) (witness allowed to testify of her interpretation of gestures describing drowning a cat).

Counsel cannot be deemed ineffective for failing to object to this testimony, and any *Strickland* complaint necessarily fails. *Cf. Ex parte Thompson*, 179 S.W.3d 549, 559–60 (Tex. Crim. App. 2005) (defendant not entitled to jury charge on lesser-included offense; therefore, counsel not ineffective for failing to request); *McFarland v. State*, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992) (not ineffective assistance of counsel for attorney to fail to object to admissible evidence).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Ex parte Menchaca*, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). The appellant bears the burden

of proving by a preponderance of the evidence that counsel was ineffective. *Thompson*, 9 S.W.3d at 813. We find that, under these circumstances and based on the state of the record before us, Hayes has not carried that burden. This point of error is overruled.

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     January 16, 2008
Date Decided:       February 1, 2008

Do Not Publish