Carl D. LACEY, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–130–CR.

Court of Appeals of Texas, Corpus Christi.

March 31, 1983.

William B. Portis, Jr., Houston, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before BISSETT, UTTER and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a conviction by a jury for aggravated robbery. Appellant contends that the court committed error in failing to quash the indictment because the indictment is fundamentally defective and failing to suppress the out of court identification alleging that the photographic spread was impermissibly suggestive. We affirm.

On September 26, 1977, appellant and two other men went to the house of Alicia Reyes. Mrs. Reyes opened the door and inquired what they wanted. Appellant showed her an identification badge and said that they were officers looking for her husband. The men forced their way into the house and handcuffed Mrs. Reyes and her maid. They located a safe and one of the men pointed a gun at Mrs. Reyes and demanded that she tell them the combination. She gave them the combination and they took approximately $5,000.00 from the safe. Before the men left, they taped the two victims' ankles and mouths. Mrs. Reyes

somehow managed to get loose and called a friend who came over to help. Several months later, appellant was arrested. He waived his right to a speedy trial and approximately two years later, appellant was convicted for this offense.

## INDICTMENT

The indictment alleged that appellant: "While in the course of committing theft and with intent to appropriate property to wit: $5,000.00 in money, from Alicia Reyes, did then and there by using and exhibiting a deadly weapon, to wit: a firearm, intentionally and knowingly threatened Alicia Reyes and placed her in fear of imminent bodily injury and death;"

In his first ground of error, appellant contends that the court committed error in failing to quash the indictment. Appellant alleges that the indictment is fundamentally defective because it omitted the allegation that the defendant obtained or maintained control of property of the complaining witness.

■ The recent case of *Martinez v. State,* 644 S.W.2d 486, (Tex.Crim.App.1983), resolved this issue against the appellant. There the Court said:

" . . . . this indictment alleges that in the course of committing theft the appellant had the 'intent to appropriate property.' Is this allegation sufficient? We hold that it is.

'Appropriate' is statutorily defined 'to acquire or otherwise exercise control over property other than real property' V.T.C.A. Penal Code, Section 31.01(5) B. The use of the word 'appropriate' as it is statutorily defined is the equivalent of the omitted language of V.T.C.A. Penal Code, Section 29.02(a)."

Appellant's first ground of error is overruled.

## IDENTIFICATION

In his second ground of error, appellant contends that the court committed error in failing to suppress the out of court identifi-

cation of the appellant "because the record reflects that the procedure was so impermissibly suggestive as to give rise to a very substantial lightly likelihood of irreparable misidentification." Appellant filed a motion to suppress the identification.

A hearing outside the presence of the jury was held and Mrs. Reyes testified that on her first two trips to the McAllen Police Station, she did not pick out appellant from the mug shot book as being one of the persons who robbed her. The record is not clear as to when these two occasions occurred but they were held shortly after the robbery. On December 1, 1977, Mrs. Reyes identified the appellant from the mug shot book as one of the persons who had robbed her. She further testified that she observed appellant in her home for approximately thirty to forty-five minutes at close range and that the house was well lighted. The mug shot book contained approximately sixty-four photographs and Mrs. Reyes only identified appellant as the person who robbed her. The trial court denied appellant's motion. (This same evidence was later presented to the jury.)

■ Photographic identification does not automatically taint an in-court identification. There is a two step test which must be answered in the affirmative before convictions based on eyewitness testimony at a trial, following a pre-trial identification, can be set aside. The first test is: Is the photographic identification impermissively suggestive? If the answer is "No," that ends the inquiry. If the answer is "Yes," we next consider whether the identification gives rise to a very substantial likelihood of irreparable misidentification. See: *Garcia v. State,* 626 S.W.2d 46 (Tex.Cr.App.1981); *Archie v. State,* 615 S.W.2d 762 (Tex.Cr. App.1981); *Proctor v. State,* 465 S.W.2d 759 (Tex.Cr.App.1971).

■ In the case before us there was no impermissible suggestiveness shown from the totality of the circumstances, and the evidence shows that the in-court identification was reliable and of independent origin. Appellant's second ground of error is overruled.

In the third ground of error, appellant alleges that the evidence is insufficient to sustain the conviction. This point of error is not briefed. No argument is advanced. Therefore, nothing is presented for review. *White v. State,* 487 S.W.2d 104 (Tex.Cr.App.1972). Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.