**Miguel SALAZAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–359–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 11, 1986.

Nate Rhodes, Corpus Christi, for appellant.

Grant Jones, Corpus Christi, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

OPINION

DORSEY, Justice.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced by two prior felony convictions, is 55 years in the Texas Department of Corrections.

In his first ground of error, appellant contends that the court erred in failing to suppress the out-of-court identification of the appellant because the procedures used were unnecessarily suggestive and conducive to mistaken identification.

■ Convictions based on eyewitness testimony at trial, after pre-trial identification of the defendant, will only be set aside if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Garcia v. State,* 626 S.W.2d 46, 54 (Tex.Crim.App. 1981); *Aumada v. State,* 657 S.W.2d 890 (Tex.App.—Corpus Christi 1983, pet. ref'd); *Lacey v. State,* 653 S.W.2d 528, 529 (Tex. App.—Corpus Christi 1983, pet. ref'd).

This conviction is for the robbery of a convenience store. Lydia Rodriguez was the only clerk on duty at the store at midnight when a man, identified by Ms. Rodriguez as the appellant, entered the store, walked around the counter, and put a sharp object in her back. At his insistence, she gave him the money from the cash register.

The patrolman who investigated the robbery immediately after it occurred received a description of the robber from Ms. Rodrguez, which indicated that he was wearing a red T-shirt and baggy blue jeans. After the officer left, Ms. Rodriguez saw the robber pass by the store, and the police were called and returned to the scene. The officers drove through the neighborhood and brought back a man fitting the description that Ms. Rodriguez gave. When Ms. Rodriguez observed the suspect, she stated that he was not the one who robbed her, but she thought the robber was her ex-brother-in-law.

Several days later detectives showed Ms. Rodriguez a ten photograph lineup that included her ex-brother-in-law, who she failed to identify as the robber. She did, however, positively identify another man, Troy Lozoya, who had been arrested by the police as a suspect in the robbery. As a result of her identification, Mr. Lozoya was charged with the robbery.

Later, Ms. Rodriguez began to have doubts about her identification of Lozoya and went to the police station to withdraw her identification of him. While at the police station, she identified the appellant through a photographic lineup and later in a live lineup that included Mr. Lozoya. At the hearing on the Motion to Suppress and at the trial, Ms. Rodriguez identified the appellant as the robber.

■ Appellant argues that the motion to suppress the identification should have been granted based on the witness's tentative identification of others as her assailant. However, there is no evidence of any defect in the identification procedures that would taint the witness's identification of the appellant. Absent such a defect that would make the procedures impermissibly suggestive, the trial court did not err in denying the motion to suppress. The witness was subjected to vigorous and lengthy cross-examination as to her numerous misidentifications of the robber. Appellant's complaints of Ms. Rodriguez' identification go to the weight of her testimony and not to its admissibility. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Crim.App.1978).

Additionally, we have viewed the photographs and find nothing suggestive in them; they each portray men of appellant's general description. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that his conviction must be reversed because it is based on the perjured testimony of Lydia Rodriguez, the robbery victim. Appellant argues that inconsistencies in Ms. Rodriguez' testimony show that she perjured herself.

Lydia Rodriguez testified that she had seen a tatoo on appellant's arm, but acquiesced that it could have been a grease mark. She repeatedly stated that, "It could have been a grease mark, but to me it was a tatoo."

Appellant also complains of Ms. Rodriguez' description of the weapon used, contending that she had identified it both as a can opener and as a knife and later claimed it was a knife. Ms. Rodriguez' testimony cleared up this inconsistency when she described the weapon as a pocketknife, "like those ones that they have all sorts of gadgets on them. This one had the—the hook that you open the bottle caps with and the knife on the other side and he had the knife pointed at me."

■ "A charge of perjury is a serious accusation and must be clearly supported by the evidence." *Haywood v. State*, 507 S.W.2d 756, 760 (Tex.Crim.App.1974). In order to be guilty of aggravated perjury, a person must make the false statement with the intent to deceive. TEX. PENAL CODE ANN. § 37.03 (Vernon 1974). The burden of showing that the testimony was, in fact, perjured, is on the appellant. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Crim.App.1983). Even if the witness had given conflicting testimony, that fact alone would not indicate perjury. *Brown v. State*, 477 S.W.2d 617, 623 (Tex.Crim.App.1972). Appellant has failed to show perjury. Appellant's second ground of error is overruled.

Appellant's third ground of error alleges the court erred in admitting hearsay testimony that implicated him. Police Sergeant Paul Rivera testified that he received a tip from an informant which caused him to place appellant's photograph in a lineup the day after Ms. Rodriguez had identified Lozoya as the robber.

Sergeant Rivera did not testify as to the contents of the informant's tip, nor did he offer the informant's tip for the truth of the matter asserted therein. Rivera testified about his motive for placing appellant's photograph in a lineup and the reason for his subsequent attempt to locate

Ms. Rodriguez for further verification of her identification of the alleged robber.

■ We distinguish the case at bar from *Rosales v. State*, 399 S.W.2d 541 (Tex.Crim. App.1966), upon which appellant relies. In *Rosales*, the police officer repeated the contents of the informant's statement, which was incriminating hearsay that the appellant could not subject to cross-examination. However, in the case at bar the witness did not testify as to what he was told, but rather that he acted as a result of receiving information.

Appellant's third ground of error is overruled.

Appellant's fourth ground of error alleges reversible error due to prosecutorial misconduct. Appellant's attorney contends that the prosecuting attorney accused him of lying, called him a snake, and accused him of obstructing justice.

The State's case rested solely on the identification by the convenience store clerk, Lydia Rodriguez, who had identified several men other than the appellant as the robber. She testified that her assailant was wearing a red T-shirt with a pocket and baggy trousers. She said that the robber had a tatoo or a dark spot, such as a smear of grease on one forearm. The appellant has a number of tatoos on each arm. When the eyewitness identified the appellant at the lineup, he was the only one in the lineup whose long sleeves were rolled down. The State made a point that the reason he had his sleeves rolled down was to conceal his tatoos from the eyewitness.

The defense presented alibi witnesses who testified to the existence of appellant's tatoos and his wearing long sleeve shirts to conceal them, as he was generally embarrassed by them. In order to rebut the prosecution's proposition that he rolled his sleeves down before the lineup in order to mislead and confuse the eyewitness, appellant's counsel, Mr. Nathaniel Rhodes, testified in a narrative fashion that he had advised the appellant to roll down his sleeves prior to lineup. Mr. Rhodes testi-

fied that he had advised appellant to roll down his sleeves during the live lineup to conceal his tatoos in order to force any witnesses to describe the tatoos from memory, rather than based on their view of the tatoos at the lineup. According to Mr. Rhodes, the State had made quite an issue of the fact that only appellant had his sleeves rolled down, so he wanted the jury to place any blame on him, not on appellant.

During cross-examination of Mr. Rhodes, the prosecuting attorney asked whether defense counsel complied with the State Bar Rules of Ethics, including DR5–102, which requires that an attorney withdraw from the conduct of the trial if he learns he must be called as a witness. The prosecutor then asked Mr. Rhodes:

Q. Are you a lawyer on this case?

A. Yes, I am.

Q. Are you a witness right now or are you just lying to the jury or what?

Appellant's counsel did not object to this question. In later cross-examination, the State asked:

Q. Mr. Rhodes, aren't you known by another name, a nickname possibly, by Nate the Snake? Have you ever heard that?

A. I have heard that before.

In his closing argument, the prosecuting attorney said that Mr. Rhodes had intentionally obstructed justice by telling the defendant to lower his shirt sleeves during the lineup. Appellant's attorney made no objection to this statement during closing argument.

■ The Court of Criminal Appeals has held that "when a comment, remark, assertion or line of argument is deemed improper the time to redress and cure it is when it is made, and the means is the contemporaneous objection that invoke [sic] pallative responses from the trial judge." *Curtis v. State*, 640 S.W.2d 615, 618 (Tex.Crim.App. 1982). Failure to make a proper, timely objection waives error unless the error is so prejudicial that an instruction to disregard will not cure the harm. *Borgen v.*

*State,* 672 S.W.2d 456 (Tex.Crim.App.1984); *Curtis v. State,* 640 S.W.2d at 618–19.

■ Although we find the prosecutor's comments and questions reprehensible, we do not believe they constitute reversible error in the absence of a proper objection and request.

Appellant's fourth ground of error is overruled.

In his fifth and final ground of error, appellant argues that his conviction should be reversed because the prosecutor asked the jury to believe him and find the defendant guilty. Appellant argues that the prosecutor's comment injected unsworn testimony of personal knowledge into the argument. Appellant did object to this statement and his objection was overruled.

The entire statement of the prosecutor was:

The Defendant's on trial, not you. Now as I have told you, *what I say is not to be considered evidence,* but I'm telling you that if you go back there and *after considering this evidence,* believe me, if you release this man you're letting a guilty man go. [Emphasis added.]

■ A prosecutor may not express his personal belief that the accused is guilty. *Robillard v. State,* 641 S.W.2d 910 (Tex. Crim.App.1982). However, he may explain evidentiary problems and give a summation of the evidence.

■ Here, the prosecutor qualified his statement with the words, "what I say now is not to be considered evidence," and "after considering this evidence." His argument was not an unrestricted expression of his personal opinion regarding appellant's guilt. *Huff v. State,* 660 S.W.2d 635, 637 (Tex.App.—Corpus Christi 1983, pet. ref'd). The prosecutor merely summarized the evidence and made a deduction based on that evidence. This does not constitute reversible error. *Huff,* 660 S.W.2d at 637. Appellant's fifth ground of error is overruled.

The judgment of the trial court is affirmed.