Ramon HERNANDEZ, Appellant,

v.

The STATE of Texas, State.

Nos. 2–94–520–CR, 2–94–521–CR.

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1996.

Robert Ford, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Danielle A. LeGault, Leslie Hardy, Carol Montgomery, Assistant District Attorneys, Fort Worth, for appellee.

Before BRIGHAM, J., CHUCK MILLER and H. BRYAN POFF, Jr., JJ. (Sitting by Assignments).

## OPINION

CHUCK MILLER, Justice (Assigned).

Appellant, Ramon Hernandez, was charged in two indictments with the offenses of murder and attempted murder. TEX. PENAL CODE ANN. §§ 15.01, 19.02 (Vernon 1994). Hernandez pled not guilty to a jury, and after hearing evidence, the jury found Hernandez guilty and assessed his punishment at 99 years confinement in the murder case and 20 years confinement in the attempted murder case, both to be served in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Hernandez brings two points of error complaining that the prosecutor committed reversible error during final argument at both the guilt stage and the punishment phase of the trial. We affirm.

The evidence admitted at trial showed that Hernandez murdered a woman, with whom

he was having a rocky, dysfunctional relationship, after the woman professed to having a relationship with another man. In the process of committing this crime, he shot the deceased's roommate, but she survived the assault. After these crimes, he led the police on a high speed chase and kept them at bay in a stand off for a lengthy period of time.

During argument at the conclusion of the guilt stage of the trial the prosecutor made the following complained-of argument:

> [Defense counsel] covered this in voir dire.
>
> He talked about intense moments. He asked specific questions. Have you ever had an intensity that made you very angry? Were you still in control of your mental faculties? And the answer was yes.

Hernandez's objection to this remark was sustained, the jury was instructed by the judge to disregard the remark, and Hernandez's motion for mistrial was denied. On appeal, Hernandez maintains that this argument improperly directed the jury's attention to matters that were not in evidence since they were brought out on voir dire.

In dealing with the first point of error, we begin with *Alejandro*. In that case from Tarrant County, the permissible areas of final argument were laid out thusly:

> To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. The arguments that go beyond these areas too often place before the jury unsworn, and most times believable, testimony of the attorney.

*Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973) (citations omitted).

■ Additionally, in *McFarland* the Court of Criminal Appeals stated, "the jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence to constitute reversible error." *McFarland v. State*, 845 S.W.2d 824, 840 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993) (quoting *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App.1988)). Even if an erroneous argument is made, the harm from improper arguments will, in most cases, be cured by the sustaining of an objection and a curative instruction to the jury to disregard the remarks. *Spears v. State*, 801 S.W.2d 571, 579 (Tex.App.—Fort Worth 1990, pet. ref'd).

In this case, the prosecutor was referring to a question Hernandez's attorney asked a venire woman, who was later chosen to sit on the jury, during voir dire. The venire woman answered that she had maintained control of her mental facilities once when she had become very angry. We have doubts that this was even an improper argument. In *Villarreal*, the Waco court of appeals was faced with a prosecutor's final argument that referred to voir dire remarks, made by the defense attorney, about sympathy. The Waco Court held that:

> [T]he statements made by the prosecutor in this case were made in response to comments made by defense counsel during voir dire. When taken in context, this argument is clearly the type of response considered proper under *Alejandro*.

*Villarreal v. State*, 860 S.W.2d 647, 649 (Tex. App.—Waco 1993, no. pet.).

We agree with the holding of the Waco court of appeals and further believe that the "answer to argument of opposing counsel" language in *Alejandro* allows the commenting on and answering of opposing counsel's remarks made during the voir dire as well as made during final argument. *Alejandro*, 493 S.W.2d at 231–32.

■ In this case we believe the prosecutor was clearly answering remarks made by defense counsel during voir dire, and that this was a permissible argument under *Alejandro*.

In any event we find that it was not the type of argument that could not be cured by the trial court's prompt instruction to disregard. *Spears*, 801 S.W.2d at 579; *Harris v. State*, 790 S.W.2d 568, 578–88 (Tex.Crim.App. 1989). Point of error number one is overruled.

During the final argument at the punishment phase of the trial the following argument was made by the prosecutor:

What that means is, if you sentence him to ten years or less for either crime, then if you want to recommend to the Court probation, you sign the verdict form that talks about probation.

The State is going to tell you right here and now, in no uncertain terms, that it is the State's position that this case—both cases are absolutely in no way indicative of a probated sentence. The murder of [victim] and attempted murder of [victim] are not probation cases.

To this argument also, Hernandez's objection was sustained, the jury was instructed by the judge to disregard the remark, and Hernandez's motion for mistrial was denied. On appeal, Hernandez maintains that this was an improper statement of personal opinion by the prosecutor.

We have dealt with remarkably similar arguments from the prosecution recently and also in the past. In *Frias* the argument by the prosecutor was, "I don't think probation is appropriate and I don't think that you think probation is appropriate." *Frias v. State,* 775 S.W.2d 871, 875 (Tex.App.—Fort Worth 1989, no pet.). In *Frias* we found that this, in context, was a mere summation of the evidence in the form of a conclusion that, in the State's view, probation was not appropriate. *Id.*

*Frias* was recently cited in *Maupin,* where we stated:

The cases are legion saying that it is improper for a prosecutor to inject personal opinion in statements to the jury.

. . . .

No matter how couched, however, the remarks of a prosecutor, speaking for the State, can often be construed as giving an opinion about what a verdict should be or what a proper punishment should be.

. . . .

Thus we perceive that there is often more to the prohibition against giving personal opinion than would be indicated by the literal meaning of the prohibition. When phraseology that sounds like personal opinion, such as the above, is, either overtly or inferentially, combined with special expertise, it is *that* combination that is prohibited. . . . However the prohibition is couched, it is clear that it is improper for a prosecutor to give a personal opinion that is also, impliedly or overtly, based on his expertise as a prosecutor or based on some other special knowledge possessed by the prosecutor.

*Maupin v. State,* 930 S.W.2d 267, 269–70 (Tex.App.—Fort Worth 1996, n.w.h.) (citations omitted).

The complained-of argument in *Maupin* was:

[PROSECUTOR]: Ladies and gentlemen, I told you I was appalled in closing argument and I'm appalled now, that he would get up here and ask you for something in the middle. Because ten years is what this man deserves. He thinks you are fools.

*Id.,* 930 S.W.2d at 269.

We held, after an exhaustive look at the prohibition against giving personal opinion in final argument, that:

[W]e do not read the prosecutor's remarks as either expressing a personal opinion or as implying special expertise. The prosecutor in very plain words gave the position of the State of Texas in the case, and that position was that these were not probation cases. We feel, as we did in *Frias,* that this argument did not violate the prohibition contained in the above cited cases.

*Id.,* 930 S.W.2d at 270.

Just as in *Frias* and *Maupin,* we believe that in this case the complained-of argument was not violative of this general prohibition, and was proper under *Alejandro.* The prosecutor did not even use the first person context in telling the jury what the position of the State was with regards to probation. We believe that the argument, on its face, was proper. Hernandez's second point of error is overruled.

The judgment of the trial court is affirmed.