PD-0217&0218&0219-15

PD-0217-15, PD-0218-15 & PD-0219-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/24/2015 10:39:35 AM
Accepted 2/26/2015 3:56:21 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF APPEALS FOR THE
## EIGHTH APPELLATE DISTRICT OF TEXAS

**PATRICK SHAUGHNESSY HATT, JR.**

|  | **COA NUMBERS** | **TRIAL COURT NUMBERS** |
|---|---|---|
| **V.** | **08-13-00056-CR** | **1299763R** |
|  | **08-13-00057-CR** | **1299765R** |
|  | **08-13-00058-CR** | **1299766R** |

**THE STATE OF TEXAS,**
    **APPELLEE**

**APPEALED FROM CAUSE NUMBERS 1299763R, 1299765R, AND 1299766R, IN THE CRIMINAL DISTRICT COURT NUMBER TWO, TARRANT COUNTY, TEXAS; THE HONORABLE WAYNE SALVANT, JUDGE PRESIDING.**

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

February 26, 2015

ABEL ACOSTA, CLERK

**WILLIAM H. "BILL" RAY**
**TEXAS BAR CARD NO. 16608700**
**ATTORNEY FOR APPELLANT**

**LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.**
**512 MAIN STREET, STE. 308**
**FORT WORTH, TEXAS 76102**
**(817) 698-9090**
**(817) 698-9092, FAX**
**bill@billraylawyer.com**

*ORAL ARGUMENT IS NOT REQUESTED*

---

# IDENTITY OF PARTIES AND COUNSEL

PATRICK SHAUGHNESSY HATT JR.       APPELLANT
    c\o Texas Dept. of Criminal
    Justice, Institutional
    Division, Huntsville, Texas

HONORABLE GILBERT MEDINA JR.    ATTORNEY FOR APPELLANT
    2730 N. Stemmons Freeway     AT TRIAL
    Dallas, Texas   75207

HONORABLE WILLIAM H. RAY      ATTORNEY FOR APPELLANT
    512 Main Street, Ste. 308      AT TRIAL AND ON APPEAL
    Ft. Worth, Texas 76102

HONORABLE SHAREN WILSON     CRIMINAL DISTRICT ATTORNEY
    401 W. Belknap St.          TARRANT COUNTY, TEXAS
    Ft. Worth, Tx. 76196-0201

HONORABLE MOLLY DAVIS        ASSISTANT CRIMINAL DISTRICT
    401 W. Belknap St.          ATTORNEY, TARRANT COUNTY,
    Ft. Worth, Tx. 76196-0201     TEXAS

HONORABLE ARTHUR CLAYTON    ASSISTANT CRIMINAL DISTRICT
    401 W. Belknap St.          ATTORNEY, TARRANT COUNTY
    Ft. Worth, Tx. 76196-0201     TEXAS

HONORABLE WAYNE SALVANT     PRESIDING JUDGE, CRIMINAL
    401 W. Belknap St.          DISTRICT COURT NUMBER TWO
    Ft. Worth, TX   76196       TARRANT COUNTY, TEXAS

HONORABLE LISA McMINN        STATE PROSECUTING
    P.O. Box 13046              ATTORNEY
    Austin, Texas 78711

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL                                    2

INDEX OF AUTHORITIES                                               5

STATEMENT CONCERNING ORAL ARGUMENT                                6

STATEMENT OF THE CASE                                             6

STATEMENT OF THE PROCEDURAL HISTORY                               8

GROUNDS FOR REVIEW

GROUND FOR REVIEW NUMBER ONE                                      9

    THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S
    OBJECTION TO THE STATE'S ARGUMENT IN THE
    GUILT INNOCENCE PHASE OF THE TRIAL

PRAYER                                                            11

CERTIFICATE OF SERVICE                                           12

CERTIFICATE OF COMPLIANCE                                        13

APPENDIX          The Appendix contains the Opinion of the Court of Appeals.

# INDEX OF AUTHORITIES

| Cases | Page |
|---|---|
| *Alejandro v. State, 493 S.W.2d 230, 231-232 (Tex.Crim.App. 1973)* | 8 |
| *Dubose v. State, 531 S.W.2d 330, case 2, at 331 (Tex.Crim.App. 1975)* | *9* |
| *Hernandez v. State, 931 S.W.2d 49, 50 (Tex.App.--Fort Worth, 1996, no pet.)* | *8* |
| *Long v. State, 823 S.W.2d 259, 267 (Tex.Crim.App. 1991)* | *8* |
| *McFarland v. State, 845 S.W.2d 824, 840 (Tex.Crim.App. 1992), cert.denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993)* | *8* |
| *Robillard v. State, 641 S.W.2d 910 (Tex.Crim.App. 1978)* | *9* |
| *Robinson v. State, 764 S.W.2d 367, 374 (Tex.App.--Dallas 1989, pet. ref'd)* | *8* |
| *Salazar v. State, 716 S.W.2d 733 (Tex.App – Corpus Christi, 1986, pet.ref'd)* | *9* |
| *Vasquez v. State, 819 S.W.2d 932 (Tex.App.--Corpus Christi 1991, pet ref'd)* | *8* |
| *Wyatt v. State, 566 S.W.2d 597, 604 (Tex.Crim.App.1978)* | *9* |

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case.

## STATEMENT OF THE CASE

This is an appeal from a felony conviction and sentence for three offenses of Engaging in Organized Crime. Appellant was charged by indictment with the offenses of Engaging in Organized Crime [Count One - each case], and Aggravated Robbery [Count Two - each case]. A deadly weapon allegation enhancement was alleged in each case. CR, Pages 6-7 (1299763R); CR, Pages 5-6 (1299765R); CR, Pages 5-6 (1299766R).

The jury found Appellant guilty in all counts as charged in the indictment, and made an affirmative finding of a deadly weapon in each case. RR-7, Pgs 4-7.

Appellant elected for the court to set his punishment. The court set Appellant's punishment at 30 years in the Institutional Division of the Texas Department of Criminal Justice in Count One of each case and Count Three of Cause Number 1299765R, which had a second victim in the indictment. CR, Pages 97-99 (1299763R); CR, Pages 125-130 (1299765R); CR, Pages 79-81 (1299766R); RR-7, Pages 14-17. The trial court did not sentence Appellant on the Aggravated Robbery Counts, as they were lesser included offenses of the Engaging in Organized Crime charges.

On direct appeal, the Court of Appeals for the Eighth Appellate District affirmed Appellant's conviction. The opinion was not designated for publication.

# STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant was sentenced on November 30, 2012. Notice of Appeal was timely filed. A Motion for New Trial was filed on December 13, 2012, which was overruled by operation of law. Appellant timely filed his brief in the Court of Appeals on May 24, 2013. The State timely filed its brief on July 25, 2013.

The case was submitted to the Court of Appeals, without oral argument, on May 29, 2014. The Court of Appeals affirmed Appellant's conviction in each case on January 30, 2015. That opinion is not designated for publication.

This Petition for Discretionary Review is timely filed.

# GROUND FOR REVIEW NUMBER ONE

## THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION TO THE STATE'S ARGUMENT IN THE GUILT INNOCENCE PHASE OF THE TRIAL

Proper jury argument is in one of four areas. They are summations of the evidence, reasonable deductions from the evidence, a plea for law enforcement, and a response to opposing counsel. *Alejandro v. State, 493 S.W.2d 230, 231-232 (Tex.Crim.App. 1973)*. The jury argument must be extreme or manifestly improper, or inject new and harmful facts into evidence to constitute reversible error. *McFarland v. State, 845 S.W.2d 824, 840 (Tex.Crim.App. 1992), cert.denied, 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993)*, *Hernandez v. State, 931 S.W.2d 49, 50 (Tex.App.--Fort Worth, 1996, no pet.)*; *Robinson v. State, 764 S.W.2d 367, 374 (Tex.App.--Dallas 1989, pet. ref'd)*. The law provides for, and presumes, a fair trial free form improper argument by the State. *Long v. State, 823 S.W.2d 259, 267 (Tex.Crim.App. 1991)*.

The prosecutor's comment implied that the jury and the DA were part of a team. The implication was to tell the jury that the community demanded a verdict. RR, Vol. 6, Pages 194-196. This comment was not a response to anything that Appellant's counsel said during argument. The fact that the prosecutor immediately replied after Appellant objected that "For your plea for law enforcement, I'm asking you to stand up", does not save this erroneous comment.

In *Vasquez v. State, 819 S.W.2d 932 (Tex.App.--Corpus Christi 1991, pet ref'd)*, it was held reversible error for the prosecution to argue, over objection, that he believed

the child victim after meeting with her five times. The victim's credibility was a critical issue, and she had a motive to lie. Therefore, the error was therefore not harmless. In *Dubose v. State, 531 S.W.2d 330, case 2, at 331 (Tex.Crim.App. 1975)*, this Court reversed the conviction when the prosecutor argued that there was no evidence presented to challenge the credibility of the victim.

Additionally, personal beliefs of the prosecutor are not proper comments. *Robillard v. State, 641 S.W.2d 910 (Tex.Crim.App. 1978)*; *Salazar v. State, 716 S.W.2d 733 (Tex.App -- Corpus Christi, 1986, pet.ref'd)*.

As a general rule, it is improper for a prosecutor to interject his personal opinion into a statement made to the jury. The rationale behind this prohibition is that such a statement may convey to the jury the idea that the prosecutor has a basis for such an opinion in addition to the evidence presented at trial. See *Wyatt v. State, 566 S.W.2d 597, 604 (Tex.Crim.App.1978)*.

The Court of Appeals held that the objection at trial initially was not specific, and Appellant's subsequent objection was not the same objection made on appeal. Opinion, at pages 4-5 in each case. Appellant submits that trial counsel made a proper objection, that is that the burden of proof was shifted. On appeal, telling the jury that the community demands a verdict would tend to change the burden of proof. Appellant submits that the objection is the same as on appeal, and the Court of Appeals should have considered his complaint on appeal on the merits.

In conclusion, Appellant submits that the prosecutor's statement was not in

response to Appellant's argument, was outside the facts of the case, and interjected new facts and opinions into the case. The trial court erroneously overruled Appellant's objection. It was therefore harmful.

## PRAYER FOR RELIEF

Appellant Prays that this Honorable Court reverse his conviction and remand the case to the Court of Appeals with instructions to consider Appellant's point of error on appeal, or alternatively, remand the case for a new trial.

RESPECTFULLY SUBMITTED,

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY
TEXAS BAR CARD NO. 16608700
ATTORNEY FOR APPELLANT

LAW OFFICE OF WILLIAM H. "BILL" RAY, P.C.
512 MAIN STREET, STE. 308
FORT WORTH, TEXAS 76102
(817) 698-9090
(817) 698-9092, FAX

## CERTIFICATE OF SERVICE

I certify that a true copy of Appellant's Brief was delivered via the electronic filing system to the office of Sharen Wilson, Criminal District Attorney, Criminal District Attorney of Tarrant County, Texas, 401 W. Belknap St. Ft. Worth, Tx. 76196-0201 on the date of this document's filing.

I certify that a true copy of Appellant's Petition for Discretionary Review was delivered via the electronic filing system to the State's Prosecuting Attorney, at P.O. Box 13046, on the date of this document's filing.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 i3, of the Texas Rules of Appellate Procedure, I certify that the Brief on Direct Appeal filed in this case, has 1578 words contained therein. This count was obtained via the WordPerfect computer program.

/S/ WILLIAM H. "BILL" RAY
WILLIAM H. "BILL" RAY



# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
E-MAIL: CLERK@8THCOA.TXCOURTS.GOV

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Steven L. Hughes

**CLERK**
Denise Pacheco

Friday, January 30, 2015

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196
* DELIVERED VIA E-MAIL *

Hon. William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, TX 76102
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:    08-13-00056-CR
       Trial Court Case Number:    1299763R

Style: Patrick Shaughnessy Hatt, Jr.
       v.
       The State of Texas

The Honorable Court of Appeals today rendered judgment affirming the judgment of the trial court, in accordance with the opinion of this Court.  A copy of the opinion and judgment has been mailed to the attorney of record for each party.

Respectfully yours,

DENISE PACHECO, CLERK

*Denise Pacheco*

cc:    Thomas A. Wilder
       The Honorable Wayne F. Salvant



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00056-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1299763R) |
| | § | |

## J U D G M E N T

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 30TH DAY OF JANUARY, 2015.

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., Not Participating



| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00056-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC# 1299763R) |
| | § | |

## O P I N I O N

Patrick Shaughnessy Hatt, Jr. appeals his conviction of engaging in organized criminal activity (aggravated robbery with a deadly weapon). A jury found Appellant guilty and made an affirmative deadly weapon finding. The trial court assessed punishment at imprisonment for a term of thirty years and entered an affirmative deadly weapon finding in the judgment. We affirm.

### FACTUAL SUMMARY

The evidence at trial established that Appellant, Stephen Orosco, and Savon Ray committed three armed robberies in Arlington (cause numbers 1297763R, 1299765R, 1299766R). The State introduced evidence that Appellant, Orosco, and Ray are gang members. Orosco testified against Appellant. On the evening of March 27, 2011, Orosco, Appellant, and Savon Ray took Xanax and smoked marihuana laced with formaldehyde PCP (embalming fluid)

together at Appellant's house and then decided to go the Parks Mall. While driving to the mall, Ray brought up the idea of robbing someone. Even though the vehicle belonged to Appellant's grandmother, Ray drove because his arm was in a cast and he could not participate in the robberies. They drove to a Fiesta Chicken restaurant and Appellant and Orosco, with their faces covered by blue bandanas, got out of their vehicle and approached a vehicle driven by Carlos DeLeon in the drive-thru lane. Appellant and Orosco pointed guns at Mr. DeLeon and his family and robbed them (cause number 1299766R). After leaving the Fiesta Chicken restaurant, the trio went to Parks Mall and saw a man, Wei He, who was leaving the restaurant where he worked as the manager. Mr. He had the restaurant's bank deposit for the day and he was walking to his car when he heard the car approaching rapidly. Appellant and Orosco, armed with guns, approached Mr. He. Mr. He attempted to quickly get into his car but Orosco "pistol-whipped" him on top of the head. Mr. He gave them the bank bag which contained $5,600 (cause number 1299763R). Appellant and his friends next robbed Ross Holder and Austin Michelson at gunpoint as they were walking from the parking lot to a P.F. Chang restaurant. Appellant and Orosco stole the victims' wallets and cell phones (cause number 1299765R). Holder, Michelson, and He provided police with a description of the robbers' vehicle and a partial license plate number. Police broadcast a description of the vehicle and they also tracked the stolen cell phones via GPS signal to a local in Grand Prairie. A Grand Prairie police officer, Kevin Cox, spotted a vehicle matching the BOLO description at a house and began watching it. After a while, a group of individuals exited the house, got into the vehicle and drove away. Officer Cox stopped the vehicle which was being driven by Appellant. Grand Prairie police officers took into custody

- 2 -

four individuals, including Appellant. Officer Cox found a gun underneath the driver's seat and Appellant had live ammunition in his pocket. Appellant was also wearing a blue bandana around his neck. Officers recovered a bank deposit slips and additional blue bandanas from the vehicle.

## IMPROPER JURY ARGUMENT

In his sole issue, Appellant argues that the prosecutor made an improper closing argument when he told the jury "that they and he were part of the same team, in essence, to show that the community standards required a verdict of guilty." When the State's argument is designed to induce the jury to convict the defendant because the community demands or expects such a result, the argument is improper. *Cortez v. State*, 683 S.W.2d 419, 420 (Tex.Crim.App. 1984). The State responds that Appellant's objections do not preserve the complaint raised on appeal.

The prosecutor stated the following during closing argument:

[The prosecutor]: Now, how do we treat people that do these things? Out on the streets where I grew up, the way we handled things, we settled them. The way this man and his friends handle it, they settle it. So what do we do here? Twelve folks, a jury of his peers, and you folks are an extremely diverse group of folks, but you're united for this case. What you do is you write your name on that verdict line. That's what you do. And I'm your prosecutor fighting this crime. We cannot stand for violence in our community.

[Defense counsel]: Your Honor, it's improper -- we object to improper argument.

[The Court]: It's overruled. It's final argument, not evidence.

[The prosecutor]: For your plea for law enforcement, I'm asking you to stand up. Stand up with me. Put your foot down. Take back your streets so that folks can go to the mall and they can go to the restaurant and not have this happen to them. So good folks like Mr. DeLeon, with his kids in the car, can spend their last bit of money for dinner without having pistols put in daddy's face. That's why we're here. That's why I'm in front of you right now.

- 3 -

It's why people like Chris Wells spend the entirety of their career fighting this stuff, because it's important. This is our town.

This is him and his band of friends. Those are their colors and those are their signs. And what they did on March 27th, 2011, with this and that other gun, that's just what they do. With all these bandanas and all these masks and all that cowardice they could hide behind so their victims can't see their faces. They're bullies. I hated them as a kid and I know you teachers hate them. We can't stand for bullies to run our street.

[Defense counsel]: Your Honor, I would object, because that tends to shift the burden of proof to the Defendant.

[The Court]: That's overruled.

Generally, in order to preserve a complaint related to jury argument error, a timely and specific objection must be made. TEX.R.APP.P. 33.1; *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex.Crim.App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Staten v. State*, 919 S.W.2d 493, 499 (Tex.App.--Fort Worth 1996, pet. ref'd). A complaint raised on appeal is not preserved if the legal basis of the argument varies from the objection made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). In other words, the complaint raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012).

Appellant's first objection, "improper argument," is too general to preserve error and the record does not show that the legal basis for the objection was apparent to the court and the State. *See Miles v. State*, 312 S.W.3d 909, 911 (Tex.App.--Houston [1st Dist.] 2010, pet. ref'd). Appellant's second objection that the prosecutor's argument shifted the burden to the defendant does not preserve his complaint that the prosecutor effectively informed the jury that the community standards required a verdict of guilty. Accordingly, we overrule Issue One and

- 4 -

affirm the judgment of the trial court.

January 30, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., Not Participating

(Do Not Publish)

FILE COPY

# 8th Court of Appeals
Case Party & Attorney Address List

Case Number: 08-13-00056-CR

Date: Friday, January 30, 2015

Style: Patrick Shaughnessy Hatt, Jr. vs. The State of Texas
Trial Court Judge: The Honorable Wayne F. Salvant

ATTORNEY FOR APPELLANT

Hon. William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, TX 76102

ATTORNEY FOR STATE

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196



## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
E-MAIL: CLERK@8THCOA.TXCOURTS.GOV

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Steven L. Hughes

**CLERK**
Denise Pacheco

Friday, January 30, 2015

Hon. William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, TX 76102
* DELIVERED VIA E-MAIL *

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196
* DELIVERED VIA E-MAIL *

RE:   Court of Appeals Number:   08-13-00057-CR
      Trial Court Case Number:   1299765R

Style:  Patrick Shaughnessy Hatt, Jr.
        v.
        The State of Texas

The Honorable Court of Appeals today rendered judgment affirming the judgment of the trial court, in accordance with the opinion of this Court. A copy of the opinion and judgment has been mailed to the attorney of record for each party.

Respectfully yours,

DENISE PACHECO, CLERK

*Denise Pacheco*

cc:   Thomas A. Wilder
      The Honorable Wayne F. Salvant



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00057-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | | of Tarrant County, Texas |
| | § | |
| Appellee. | | (TC# 1299765R) |
| | § | |

## J U D G M E N T

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 30TH DAY OF JANUARY, 2015.

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., Not Participating



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00057-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC# 1299765R) |
| | § | |

## <u>O P I N I O N</u>

Patrick Shaughnessy Hatt, Jr. appeals his convictions of engaging in organized criminal activity (aggravated robbery with a deadly weapon)(Counts I and III). A jury found Appellant guilty of each count and made an affirmative deadly weapon finding. The trial court assessed punishment at imprisonment for a term of thirty years on each count and entered an affirmative deadly weapon finding in the judgment. We affirm.

### FACTUAL SUMMARY

The evidence at trial established that Appellant, Stephen Orosco, and Savon Ray committed three armed robberies in Arlington (cause numbers 1297763R, 1299765R, 1299766R). The State introduced evidence that Appellant, Orosco, and Ray are gang members. Orosco testified against Appellant. On the evening of March 27, 2011, Orosco, Appellant, and Savon Ray took Xanax and smoked marihuana laced with formaldehyde PCP (embalming fluid)

together at Appellant's house and then decided to go the Parks Mall. While driving to the mall, Ray brought up the idea of robbing someone. Even though the vehicle belonged to Appellant's grandmother, Ray drove because his arm was in a cast and he could not participate in the robberies. They drove to a Fiesta Chicken restaurant and Appellant and Orosco, with their faces covered by blue bandanas, got out of their vehicle and approached a vehicle driven by Carlos DeLeon in the drive-thru lane. Appellant and Orosco pointed guns at Mr. DeLeon and his family and robbed them (cause number 1299766R). After leaving the Fiesta Chicken restaurant, the trio went to Parks Mall and saw a man, Wei He, who was leaving the restaurant where he worked as the manager. Mr. He had the restaurant's bank deposit for the day and he was walking to his car when he heard the car approaching rapidly. Appellant and Orosco, armed with guns, approached Mr. He. Mr. He attempted to quickly get into his car but Orosco "pistol-whipped" him on top of the head. Mr. He gave them the bank bag which contained $5,600 (cause number 1299763R). Appellant and his friends next robbed Ross Holder and Austin Michelson at gunpoint as they were walking from the parking lot to a P.F. Chang restaurant. Appellant and Orosco stole the victims' wallets and cell phones (cause number 1299765R).[1] Holder, Michelson, and He provided police with a description of the robbers' vehicle and a partial license plate number. Police broadcast a description of the vehicle and they also tracked the stolen cell phones via GPS signal to a local in Grand Prairie. A Grand Prairie police officer, Kevin Cox, spotted a vehicle matching the BOLO description at a house and began watching it. After a while, a group of individuals exited the house, got into the vehicle and drove away. Officer Cox stopped the vehicle which was being driven by Appellant. Grand Prairie police officers took into custody

---

[1] Ross Holder is the complainant in Count I and Austin Michelson is the complainant is Count III.

- 2 -

four individuals, including Appellant. Officer Cox found a gun underneath the driver's seat and Appellant had live ammunition in his pocket. Appellant was also wearing a blue bandana around his neck. Officers recovered a bank deposit slips and additional blue bandanas from the vehicle.

## IMPROPER JURY ARGUMENT

In his sole issue, Appellant argues that the prosecutor made an improper closing argument when he told the jury "that they and he were part of the same team, in essence, to show that the community standards required a verdict of guilty." When the State's argument is designed to induce the jury to convict the defendant because the community demands or expects such a result, the argument is improper. *Cortez v. State*, 683 S.W.2d 419, 420 (Tex.Crim.App. 1984). The State responds that Appellant's objections do not preserve the complaint raised on appeal.

The prosecutor stated the following during closing argument:

[The prosecutor]: Now, how do we treat people that do these things? Out on the streets where I grew up, the way we handled things, we settled them. The way this man and his friends handle it, they settle it. So what do we do here? Twelve folks, a jury of his peers, and you folks are an extremely diverse group of folks, but you're united for this case. What you do is you write your name on that verdict line. That's what you do. And I'm your prosecutor fighting this crime. We cannot stand for violence in our community.

[Defense counsel]: Your Honor, it's improper -- we object to improper argument.

[The Court]: It's overruled. It's final argument, not evidence.

[The prosecutor]: For your plea for law enforcement, I'm asking you to stand up. Stand up with me. Put your foot down. Take back your streets so that folks can go to the mall and they can go to the restaurant and not have this happen to them. So good folks like Mr. DeLeon, with his kids in the car, can spend their last bit of money for dinner without having pistols put in daddy's face. That's why we're here. That's why I'm in front of you right now.

- 3 -

It's why people like Chris Wells spend the entirety of their career fighting this stuff, because it's important. This is our town.

This is him and his band of friends. Those are their colors and those are their signs. And what they did on March 27th, 2011, with this and that other gun, that's just what they do. With all these bandanas and all these masks and all that cowardice they could hide behind so their victims can't see their faces. They're bullies. I hated them as a kid and I know you teachers hate them. We can't stand for bullies to run our street.

[Defense counsel]: Your Honor, I would object, because that tends to shift the burden of proof to the Defendant.

[The Court]: That's overruled.

Generally, in order to preserve a complaint related to jury argument error, a timely and specific objection must be made. TEX.R.APP.P. 33.1; *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex.Crim.App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Staten v. State*, 919 S.W.2d 493, 499 (Tex.App.--Fort Worth 1996, pet. ref'd). A complaint raised on appeal is not preserved if the legal basis of the argument varies from the objection made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). In other words, the complaint raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012).

Appellant's first objection, "improper argument," is too general to preserve error and the record does not show that the legal basis for the objection was apparent to the court and the State. *See Miles v. State*, 312 S.W.3d 909, 911 (Tex.App.--Houston [1st Dist.] 2010, pet. ref'd). Appellant's second objection that the prosecutor's argument shifted the burden to the defendant does not preserve his complaint that the prosecutor effectively informed the jury that the community standards required a verdict of guilty. Accordingly, we overrule Issue One and

- 4 -

affirm the judgment of the trial court.

January 30, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J. Not Participating

(Do Not Publish)

- 5 -

FILE COPY

# 8th Court of Appeals
## Case Party & Attorney Address List

Case Number: 08-13-00057-CR                    Date: Friday, January 30, 2015

Style: Patrick Shaughnessy Hatt, Jr. vs. The State of Texas
Trial Court Judge: The Honorable Wayne F. Salvant

Hon. William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, TX 76102

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196



# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
E-MAIL: CLERK@8THCOA.TXCOURTS.GOV

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Steven L. Hughes

**CLERK**
Denise Pacheco

Friday, January 30, 2015

Hon. William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, TX 76102
* DELIVERED VIA E-MAIL *

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196
* DELIVERED VIA E-MAIL *

RE:  Court of Appeals Number:  08-13-00058-CR
     Trial Court Case Number:  1299766R

Style:  Patrick Shaughnessy Hatt, Jr.
        v.
        The State of Texas

The Honorable Court of Appeals today rendered judgment affirming the judgment of the trial court, in accordance with the opinion of this Court. A copy of the opinion and judgment has been mailed to the attorney of record for each party.

Respectfully yours,

DENISE PACHECO, CLERK

*Denise Pacheco*

cc:   Thomas A. Wilder
      The Honorable Wayne F. Salvant



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00058-CR |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1299766R) |
| | § | |

## J U D G M E N T

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 30TH DAY OF JANUARY, 2015.

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., Not Participating



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| PATRICK SHAUGHNESSY HATT, JR., | § | No. 08-13-00058-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | Criminal District Court No. 2 |
| | § | |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| | § | |
| Appellee. | § | (TC# 1299766R) |
| | § | |

## O P I N I O N

Patrick Shaughnessy Hatt, Jr. appeals his conviction of engaging in organized criminal activity (aggravated robbery with a deadly weapon). A jury found Appellant guilty and made an affirmative deadly weapon finding. The trial court assessed punishment at imprisonment for a term of thirty years and entered an affirmative deadly weapon finding in the judgment. We affirm.

## FACTUAL SUMMARY

The evidence at trial established that Appellant, Stephen Orosco, and Savon Ray committed three armed robberies in Arlington (cause numbers 1297763R, 1299765R, 1299766R). The State introduced evidence that Appellant, Orosco, and Ray are gang members. Orosco testified against Appellant. On the evening of March 27, 2011, Orosco, Appellant, and Savon Ray took Xanax and smoked marihuana laced with formaldehyde PCP (embalming fluid)

together at Appellant's house and then decided to go the Parks Mall. While driving to the mall, Ray brought up the idea of robbing someone. Even though the vehicle belonged to Appellant's grandmother, Ray drove because his arm was in a cast and he could not participate in the robberies. They drove to a Fiesta Chicken restaurant and Appellant and Orosco, with their faces covered by blue bandanas, got out of their vehicle and approached a vehicle driven by Carlos DeLeon in the drive-thru lane. Appellant and Orosco pointed guns at Mr. DeLeon and his family and robbed them (cause number 1299766R).[1] After leaving the Fiesta Chicken restaurant, the trio went to Parks Mall and saw a man, Wei He, who was leaving the restaurant where he worked as the manager. Mr. He had the restaurant's bank deposit for the day and he was walking to his car when he heard the car approaching rapidly. Appellant and Orosco, armed with guns, approached Mr. He. Mr. He attempted to quickly get into his car but Orosco "pistol-whipped" him on top of the head. Mr. He gave them the bank bag which contained $5,600 (cause number 1299763R). Appellant and his friends next robbed Ross Holder and Austin Michelson at gunpoint as they were walking from the parking lot to a P.F. Chang restaurant. Appellant and Orosco stole the victims' wallets and cell phones (cause number 1299765R). Holder, Michelson, and He provided police with a description of the robbers' vehicle and a partial license plate number. Police broadcast a description of the vehicle and they also tracked the stolen cell phones via GPS signal to a local in Grand Prairie. A Grand Prairie police officer, Kevin Cox, spotted a vehicle matching the BOLO description at a house and began watching it. After a while, a group of individuals exited the house, got into the vehicle and drove away. Officer Cox stopped the vehicle which was being driven by Appellant. Grand Prairie police officers took into

---

[1] Carlos DeLeon is the complainant in cause number 1299766R.

- 2 -

custody four individuals, including Appellant. Officer Cox found a gun underneath the driver's seat and Appellant had live ammunition in his pocket. Appellant was also wearing a blue bandana around his neck. Officers recovered a bank deposit slips and additional blue bandanas from the vehicle.

## IMPROPER JURY ARGUMENT

In his sole issue, Appellant argues that the prosecutor made an improper closing argument when he told the jury "that they and he were part of the same team, in essence, to show that the community standards required a verdict of guilty." When the State's argument is designed to induce the jury to convict the defendant because the community demands or expects such a result, the argument is improper. *Cortez v. State*, 683 S.W.2d 419, 420 (Tex.Crim.App. 1984). The State responds that Appellant's objections do not preserve the complaint raised on appeal.

The prosecutor stated the following during closing argument:

[The prosecutor]: Now, how do we treat people that do these things? Out on the streets where I grew up, the way we handled things, we settled them. The way this man and his friends handle it, they settle it. So what do we do here? Twelve folks, a jury of his peers, and you folks are an extremely diverse group of folks, but you're united for this case. What you do is you write your name on that verdict line. That's what you do. And I'm your prosecutor fighting this crime. We cannot stand for violence in our community.

[Defense counsel]: Your Honor, it's improper -- we object to improper argument.

[The Court]: It's overruled. It's final argument, not evidence.

[The prosecutor]: For your plea for law enforcement, I'm asking you to stand up. Stand up with me. Put your foot down. Take back your streets so that folks can go to the mall and they can go to the restaurant and not have this happen to them. So good folks like Mr. DeLeon, with his kids in the car, can spend their last bit of

- 3 -

money for dinner without having pistols put in daddy's face. That's why we're here. That's why I'm in front of you right now.

It's why people like Chris Wells spend the entirety of their career fighting this stuff, because it's important. This is our town.

This is him and his band of friends. Those are their colors and those are their signs. And what they did on March 27th, 2011, with this and that other gun, that's just what they do. With all these bandanas and all these masks and all that cowardice they could hide behind so their victims can't see their faces. They're bullies. I hated them as a kid and I know you teachers hate them. We can't stand for bullies to run our street.

[Defense counsel]: Your Honor, I would object, because that tends to shift the burden of proof to the Defendant.

[The Court]: That's overruled.

Generally, in order to preserve a complaint related to jury argument error, a timely and specific objection must be made. TEX.R.APP.P. 33.1; *Threadgill v. State*, 146 S.W.3d 654, 667 (Tex.Crim.App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); *Staten v. State*, 919 S.W.2d 493, 499 (Tex.App.--Fort Worth 1996, pet. ref'd). A complaint raised on appeal is not preserved if the legal basis of the argument varies from the objection made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009). In other words, the complaint raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex.Crim.App. 2012).

Appellant's first objection, "improper argument," is too general to preserve error and the record does not show that the legal basis for the objection was apparent to the court and the State. *See Miles v. State*, 312 S.W.3d 909, 911 (Tex.App.--Houston [1st Dist.] 2010, pet. ref'd). Appellant's second objection that the prosecutor's argument shifted the burden to the defendant does not preserve his complaint that the prosecutor effectively informed the jury that the

- 4 -

community standards required a verdict of guilty. Accordingly, we overrule Issue One and affirm the judgment of the trial court.

January 30, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., Not Participating

(Do Not Publish)

- 5 -

# 8th Court of Appeals
Case Party & Attorney Address List

Case Number: 08-13-00058-CR                    Date: Friday, January 30, 2015

Style:  Patrick Shaughnessy Hatt, Jr. vs. The State of Texas
Trial Court Judge:  The Honorable Wayne F. Salvant

Hon. William H. "Bill" Ray
512 Main Street, Ste. 308
Fort Worth, TX 76102

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196